Charles P. Jones
Delaware Corr. Center
1181 Paddock Rd.
Smyrna, Delaware 19977

ORIGINAL

United States District Court
of Delaware for Delaware

Charles P. Jones
       Plaintiff,
vs.

1. Thomas Carroll, Warden
2. David Pierce, Deputy Warden
3. David Holman, Major; Security Chief
4. Aliska Profaci, Staff Lt.
5. Peter Forbes, Lt.
6. Joe Pomella, C/O.
       Defendants

Case No.
06-129

February 19, 2006

FILED
FEB 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Civil Rights Complaint
Pursuant to 42 USC § 1983

This Complaint alleges that the Civil Rights of Plaintiff, Charles P. Jones #00228197 who presently resides at the Delaware Corr. Center, 1181 Paddock Rd. Smyrna, De. 19977 were violated by the actions of the above-named individuals at the Delaware Corr. Center in Smyrna, Delaware, on September 12, 2005.

1-10

## Exhaustion Of Administrative Remedies

In order to proceed in Federal Court, you must exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ yes  ○ no

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ○ yes  ✓ no

C. If yes is your answer to "B":

   1. What steps did you take? ———

   2. What was the result? ———

D. If your answer to "B" is no, explain why not: The complaint is not a grievable issue.

## Previous Lawsuits

If you have filed any other lawsuits in Federal Court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was signed: None

1 of 10

## Statement Of Facts

On September 12, 2005 at about 8:40 p.m. cell doors were opened for night Tier-Rec when Plaintiff went to a table and was playing cards with another inmate when a third inmate came up from behind Plaintiff and stabbed Plaintiff in the right eye with what was discovered later to be a red sharpened toothbrush.

After about 15-20 minutes later when a officer from another Tier walked by and finally seen Plaintiff, Plaintiff was taken off of cell-block and waited for medical to arrive after being called.

Once medical arrived it was determined that Plaintiff needed to be taken to the outside Emergency Room at Kent General Hospital in Dover, Delaware.

After arriving at Kent General's Emergency Room around 11:00 p.m. and seen by the Emergency Room doctor it was then determined that the damage to the Plaintiff's right eye was to severe and that there was nothing that they could do for Plaintiff and that Plaintiff needed to be taken to a eye specialist at Wills Eye Hospital in Philadelphia, PA.

Plaintiff was transferred to Wills Eye Hospital in Philadelphia, PA. by Ambulance escorted by 3 Correctional Officers.

After arriving to Wills Eye Hospital at about 1:30 a.m. on September 13, 2005, Plaintiff was examined by 3 Specialist (Cornea, Retina and a reconstructive Surgeon). Plaintiff was preped for surgery to repair his badly lacerated eye lid and to also repair and stabalize the badly damaged globe of the Plaintiffs' right eye.

Plaintiff was kept in Wills Eye Hospital after surgeries were done for observation from September 13, 2005 to September 16, 2005 to make sure that Plaintiffs' right eye was stable enough.

Plaintiff was Returned to the Delaware Corr. Center on September 16, 2005 and Placed in the Prison Infirmary for further observation untile Plaintiffs' next follow up at Wills Eye Hospital.

Plaintiff returned to Wills Eye Hospital on September 21, 2005 for his follow up visit when it was then determined by Cornea and the Retina Specialist that Plaintiff was in need of several more surgies to try to save Plaintiffs eye.

Plaintiff returned to Wills Eye Hospital on September 27, 2005 for his scheduled surgies. (Plaintiff had a Cornea Transplant) and a full Retina Reattachment. It was then that Plaintiff also descovered that he had no lense in his right eye, that it had been completely

destroyed and could not be found in the eye at all.

Plaintiff is currently still going to Wills Eye Hospital for treatment once a month after being told by Cornea and Retina specialist that his eye was showing signs of rejection and that Plaintiffs' eye was still in danger of being lost and would probably never have vision in the eye again and that Plaintiff would need treatment for this injury for the rest of his life.

### Statement Of Claim

Defendant Thomas Carroll, resides or works at the Delaware Corr. Center, 1181 Paddock Rd. Smyrna Delaware 19977 and is employed as Warden. This defendant is sued in his individual and official Capacity.

On the evening of September 12, 2005 at about 8:40 p.m. defendant failed to protect Plaintiff from the violent attack of another inmate by failing to impliment Policies and Procedures to insure the safety of Vulnerable inmates from violent and aggressive inmates.

Defendant David Pierce, resides or works at the Delaware Corr. Center, 1181 Paddock Rd. Smyrna, Delaware 19977 and is employed as Deputy Warden. This defendant is sued in his individual and official Capacity.

On the evening of September 12, 2005 at about 8:40 p.m. defendant failed to protect the plaintiff from the violent attack of another inmate by failing to supervise his staff and making sure that his staff were performing their duties in following Policies and departmental procedures.

Defendant David Holeman, resides or works at the Delaware Corr. Center, 1181 Paddock RD. Smyrna Delaware 19977 and is employed as a Major-Security Chief. This defendant is sued in his individual and official Capacity.

On the evening of September 12, 2005 at about 8:40 p.m. defendant failed to protect Plaintiff from the violent attack of another inmate by failing to supervise his staff and making sure that his staff were performing their duties in following Policies and departmental procedures.

Defendant Alisha Profaci resides or works at the Delaware Corr. Center, 1181 Paddock RD. Smyrna Delaware 19977 and is employed as a Staff Lt. This defendant is sued in her individual and official Capacity.

On the evening of September 12, 2005 at about 8:40 p.m. defendant failed to protect Plaintiff from the violent attack of another inmate by failing to follow Policies and departmental procedures after being told of

Threats of violence against Plaintiff by his attacker.

Defendant Peter Forbes, resides or works at the Delaware Corr. Center, 1181 Paddock Rd. Smyrna, Delaware 19977 and is employed as a Lt. This defendant is sued in his individual and official capacity.

On the evening of September 12, 2005 at about 8:40 p.m. defendant failed to protect Plaintiff from the violent attack of another inmate by failing to follow policies and departmental procedures.

Defendant was aware of threats of violence against Plaintiff by his attacker several days prior to attack on Plaintiff

When defendant was told of threats of violence against Plaintiff several days prior to attack defendant simply stated "that there was nothing that he could do unless we fight" and as defendant walked away he laughed and stated "Then I can mase both of y'all".

Defendant Joe Pomella, resides or works at the Delaware Corr. Center, 1181 Paddock Rd. Smyrna, Delaware 19977 and is employed as a Correctional Officer (c/o). This defendant is sued in his individual and official capacity.

7 of 10

On the evening of September 12, 2005 about 8:40 p.m. defendant failed to protect Plaintiff from the violent attack of another inmate by failing to follow Policies and departmental procedures.

defendant was aware of threats of violence against Plaintiff.

defendant failed to perform his Job duties by failing to monitor the cell-Block at all times in which he may have prevented this violent attack on Plaintiff.

### Claim For Relief

Defendants failure to act violated Plaintiffs' Due Process Rights of the Fifth Amendment of the United States Constitution.

The vicious attack of Plaintiff by another inmate on September 12, 2005 violated Plaintiffs' Rights and constituted Cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

The vicious attack of Plaintiff by another inmate on September 12, 2005 also violated Plaintiffs Rights of Due Process of the Fourteenth Amendment of the United States Constitution.

"Therefore, Plaintiff prays for relief as follows:

That Plaintiff be granted life long medical coverage to cover any and all surgeries and treatment needed for permanent damages to plaintiffs' Right eye.

Plaintiff also seeks monitary damages for pain and suffering in the amount of $10.5 million, and Punitive damages in the amount of $5.5 million.

Respectfully Submitted,

_Charles P. Jones_                     Charles P. Jo
#00228197
Delaware Corr. Center
1181 Paddock RD                        2-19-2006
Smyrna, Delaware                       DATE
            19977

I declare under penalty of perjury That The foregoing is True and Correct.

Signed This 19th day of Febuary, 2006

_[signature]_
Signature Of Plaintiff



Cert.
U.S. District Court
LockBox 18
844 N. King Street
Wilmington, De. 19801

I/M Charles R. Jones
SBI# 002289 UNIT C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977