IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES P. JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-129 KAJ |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| MAJOR SECURITY CHIEF DAVID | ) |
| HOLEMAN, STAFF LT. ALISHA | ) |
| PROFACI, LT. PETER FORBES, | ) |
| and C/O JOE POMELLA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Charles P. Jones ("Jones"), an inmate at the Delaware Correctional Center

("DCC") filed this civil rights action pursuant to 42 U.S.C. §1983. He appears *pro se*

and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915. (D.I. 4.) I now proceed to review and screen the complaint pursuant to 28

U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the claims against Deputy

Warden David Pierce ("Deputy Warden Pierce") and Major Security Chief David

Holeman ("Holeman") pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(b)(1) as the

claims are either frivolous or fail to state a claim upon which relief may be granted.

## I.    THE COMPLAINT

The facts of this case are straight forward. Jones alleges that on the evening of

September 12, 2005, he was attacked by another inmate. The inmate stabbed Jones

in the right eye with a sharpened toothbrush. Jones sustained serious injury to the eye,

was taken to the emergency room at the Kent General Hospital, and later transferred to the Wills Eye Hospital in Philadelphia, Pennsylvania for further care and treatment. Jones alleges he underwent several eye surgeries including a cornea transplant and full retina reattachment. At the time of the filing of the complaint, Jones continues to receive treatment at the Wills Eye Hospital.

Jones alleges that Warden Carroll failed to protect him from attack by failing to implement policies and procedures to insure the safety of vulnerable inmates from violent and aggressive inmates. Jones alleges that Deputy Warden Pierce and Holeman failed to supervise staff to ensure that the staff was performing its duties in compliance with departmental policies and procedures. Finally, Jones alleges that Staff Lt. Alisha Profaci, Lt. Peter Forbes, and C/O Joe Pomella were either told or were aware of the threats made against him by his attacker, yet failed to protect him from the attack.

Jones seeks compensatory and punitive damages, as well as injunctive relief in the form of life-long medical coverage for treatment of his right eye.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

2

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Jones alleges that Deputy Warden and Holeman violated his constitutional rights by failing to supervise staff to ensure that the staff was performing its duties in compliance with departmental policies and procedures. In reading the complaint, it is evident that Jones seeks to impose liability upon Deputy Warden and Holeman solely upon their status as supervisors.

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). " 'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged

3

wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

There is nothing in the complaint to indicate that either Deputy Warden Pierce or Holeman were the "driving force [behind]" the attack upon Jones. Moreover, the complaint does not indicate that these two defendants were aware of Jones' allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the claims against Deputy Warden Pierce and Holeman are dismissed pursuant to 28 U.S.C. 28 U.S.C. §1915(e)(2)(B) and § 1915A(b)(1), as they fail to state a claim upon which relief may be granted and have no arguable basis in law or in fact.

## IV.   APPOINTMENT OF COUNSEL

On February 27, 2006, Jones filed a motion asking that I appoint him counsel. (D.I. 3.) It is within this Court's discretion to appoint plaintiff an attorney, but only "upon

4

a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed Jones' complaint, I find that his allegations are not of such a complex nature as to warrant appointment of counsel at this time. Therefore, I am denying, without prejudice, the motion for appointment of counsel.

## V.    CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.     The motion for appointment of counsel (D.I. 3) is DENIED without prejudice, with leave to refile upon service of the complaint.

2.     The claims against Deputy Warden David Pierce, and Major Security Chief David Holeman are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3.     Jones has raised what appear at this point to be cognizable Eighth Amendment claims for failure to protect against Warden Thomas Carroll, Staff L. Alisha Profaci, Lt. Peter Forbes, and C/O Joe Pomella. He is allowed to PROCEED with the claims.

IT IS FURTHER ORDERED that:

1.     The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

5

2.      Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff Charles P. Jones

shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form

for **the remaining defendants** (i.e., Warden Thomas Carroll, Staff L. Alisha Profaci, Lt.

Peter Forbes, and C/O Joe Pomella), as well as for the Attorney General of the State of

Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to

DEL. CODE ANN. tit. 10 § 3103(c). Jones has provided the Court with one copy of the

complaint (D.I. 2) for service upon each remaining defendant. **Jones is notified that**

**the United States Marshal will not serve the complaint until all "U.S. Marshal 285"**

**forms have been received by the Clerk of the Court. Failure to provide the "U.S.**

**Marshal 285" forms for each remaining defendant and the attorney general within**

**120 days of this order may result in the complaint being dismissed or defendants**

**being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.      Upon receipt of the form(s) required by paragraph 2 above, the United

States Marshal shall forthwith serve a copy of the complaint and the amended

complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of

Waiver" form upon each of the defendants so identified in each 285 form.

4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and

"Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form

has not been received from a defendant, the United States Marshal shall personally

serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall

be required to bear the cost related to such service, unless good cause is shown for

failure to sign and return the waiver.

5.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.    **NOTE: ***** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). *****

8.    **NOTE: ***** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. *****

UNITED STATES DISTRICT JUDGE

May 12, 2006
Wilmington, Delaware

7