IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles P. Jones, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-129 KAJ |
| Thomas Carroll, David Pierce[1], David | ) | |
| Holman[2], Alisha Profaci, Peter Forbes, and | ) | |
| Joe Pomella, | ) | |
| Defendants. | | |

**STATE DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

State Defendants, by and through their undersigned counsel, hereby oppose Plaintiff's

request for the appointment of counsel, and request this Honorable Court to deny Plaintiff's

motion.  In furtherance of their answer in opposition, the Defendants represent as follows:

1.      The Plaintiff, Charles P. Jones, is a prisoner of the State of Delaware, sentenced to

a period of incarceration in the Delaware correctional system.  He is currently incarcerated in the

Delaware Correctional Center, Smyrna, Delaware.  Plaintiff commenced this action on or about

February 27, 2006, by forwarding his complaint and request to proceed *in forma pauperis* to the

United States District Court for the District of Delaware. Therein, Plaintiff claims these

defendants violated his Eighth Amendment right for failure to protect him. (D.I. 2). Plaintiff also

filed a Motion to Appointment Counsel. (D.I. 3).

---

[1] The claims against Deputy Warden Pierce have been dismissed pursuant to 28 U.S.C. § 1915(e) (2) (B) and § 1915A (b) (1).

[2] The claims against Security Chief Major Holman have been dismissed pursuant to 28 U.S.C. § 1915(e) (2) (B) and § 1915A (b) (1).

2.    By Order of the Court dated March 9, 2006, Plaintiff was granted leave to

proceed *in forma pauperis* and directed to make service of process. (D.I. 4). On or about

May 9, 2006, Plaintiff filed a motion for leave to amend the complaint to add an

additional defendant and request further relief. (D.I. 12).   Waivers of Service returned

executed as to several defendants. (D.I.I. 15-16; 18). This Honorable Court issued an

order denying without prejudice Plaintiff's request to amend the complaint. (D.I. 19).

Plaintiff was granted thirty (30) days to file a new motion with proposed amended

complaint. Id.

3.    On July 24, 2006, undersigned counsel entered her appearance on behalf

of the defendants waiving service of process. (D.I. 20).  At or about the same time,

Defendants filed an answer as to all claims against Carroll, Profaci, Forbes and Pomella,

with affirmative defenses. (D.I. 21). Following the answer, this Honorable Court set

August 18, 2006 for a scheduling teleconference with the parties before the Honorable

Court. (D.I. 22). Consistent with the Court's directive, the undersigned presented a

proposed scheduling calendar to Plaintiff for review and recommendations.

4.    On or about August 8, 2006, Plaintiff renewed his Motion for

Appointment of Counsel once again stating that he is incarcerated, that he has limited

knowledge of the law and that access to the law library and law materials are limited, that

his case is complex requiring significant research and that his efforts to obtain an attorney

to represent him have been to no avail. (D.I. 23).  Defendants contend by way of this

Opposition to this Motion that the issues in this case are straight-forward, the Plaintiff has

demonstrated a firm grasp of the legal precepts involved, and Plaintiff's request for

counsel is, at best premature.  This case is neither factually nor legally complex.  Upon

reviewing the pleadings and other papers filed in this action Plaintiff has demonstrated

the ability to litigate this action pro se.  Moreover, the Plaintiff has not made a showing

of any other special circumstances indicating the likelihood of substantial prejudice.

      5.      *Pro se* litigants proceeding *in forma pauperis* have no constitutional or

statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir.

1997) ("The Supreme Court has not recognized nor has the court of appeals found a

constitutional right to counsel for civil litigants."). It is solely within the court's discretion

to request appointed counsel for indigent civil litigants. 28 U.S.C. § 1915 (e) (1).  In

exercising its discretion, the court must initially determine whether Plaintiff's claim "has

arguable merit in fact and law." *Parham v. Johnson*, 126 F.3d at 457 (citing *Tabron v.

Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994)).  If this

threshold is successfully crossed, the court "must perform the requisite six-factor *Tabron*

analysis." *Parham*, 126 F.3d at 459.  These factors are:

(1)      the plaintiff's ability to present his or her own case;
(2)      the complexity of the legal issues;
(3)      the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)      the amount a case is likely to turn on credibility determinations;
(5)      whether the case will require the testimony of expert witnesses;
(6)      whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d  at 155-156, 157 n. 5).  While these factors should guide

the court in evaluating the appointment of counsel, this list is not exhaustive and the court

retains broad discretion.  *Tabron*, 6 F.3d at 157.  The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity. . .
> Because this resource is available in only limited quantity,
> every assignment of a volunteer lawyer to an undeserving
> client deprives society of a volunteer lawyer available for a
> deserving cause.  We cannot afford that waste.'"

*Id., quoting Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

6.      Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need for expert testimony. *Tabron* analysis.

7.      Concerning Plaintiff's ability to present his own case, Plaintiff argues in his motion that "Plaintiff is unskilled in the law." (D.I. 23). Plaintiff's extensive complaint indicates the contrary. Plaintiff's complaint is ten (10) pages long (D.I. 2), and this does not include the motions filed simultaneously by him. In sum, Defendants believe that Plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case.

8.      Concerning the complexity of the legal issues raised by Plaintiff's claims, essentially, his claim is a failure to protect from physical harm at his place of imprisonment, in violation of his constitutional rights. Defendants believe that Plaintiff has demonstrated he has the ability and resources to research adequately, prepare, and respond to legal issues presented by this case.

9.      Concerning the factual investigation necessary to the full presentation of Plaintiff's claims, and Plaintiff's ability to pursue the same, Plaintiff argues in his motion that "a trial in this case will likely involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross examine witnesses." (D.I. 23). Defendants believe Plaintiff has the ability to pursue a factual investigation sufficiently to make a

case against the appointment of counsel.

10.    Concerning the impact of credibility in the resolution of this case, the need for expert witnesses, and whether the Plaintiff can afford or obtain counsel on his own behalf, Defendants believe credibility will not be a central issue in this case - this factor weighs against the appointment of counsel.  Expert testimony does not appear to be required - this also weighs against the appointment of counsel.  In light of this Court's grant of *in forma pauperis* status, it seems clear Plaintiff could not afford to retain counsel - this factor weighs in favor of the appointment of counsel.  Defendants believe this latter factor is outweighed by the other factors in the *Tabron* analysis, and are unaware of any other factors or concerns supporting the exercise of this Court's discretion to appoint counsel.

11.    Plaintiff raises issues in this motion for appointment of counsel which would not require the Court to grant his motion. This case is neither factually nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by filing motions.  Finally, Plaintiff fails to demonstrate any other factors or circumstances which warrant the appointment of counsel.

WHEREFORE, based on the foregoing reasons, Defendants respectfully request this Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/Ophelia M. Waters_____
Ophelia M. Waters, I.D. No. 3879
Deputy Attorney General
Carvel State Building, 6th Floor
820 N. French Street

Wilmington, Delaware 19801
(302) 577-8400

Date: August 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Charles P. Jones,              )
   Plaintiff,        )
             )
             )
  v.                   )
             )  Civil Action No. 06-129 KAJ
Thomas Carroll, Alisha Profaci,    )
Peter Forbes,  and Joe Pomella,    )
   Defendants.       )

**O R D E R**

   AND NOW THIS _____ day of _____, 2006, the

Plaintiff's Motion for Appointment of Counsel having been presented and the parties'

pleadings with respect thereto having been considered, it is hereby

   ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED.


          _____
          UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2006, I electronically filed *Defendants'*

*Motion in Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of

Court using CM/ECF.  I hereby certify that on August 8, 2006, I have mailed by United

States Postal Service, the document to the following non-registered participant: Charles

P. Jones; SBI # 00228197; Delaware Correctional Center; 1181 Paddock Road; Smyrna,

DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us