IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES P. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-129-KAJ |
| | ) | |
| THOMAS CARROLL, ALISHA PROFACI, | ) | |
| PETER FORBES and JOE POMELLA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The Plaintiff, Charles P. Jones ("Jones"), is a *pro se* litigant proceeding *in forma pauperis*. Jones is an inmate at the Delaware Correctional Center and has filed a Renewed Motion to Appoint Counsel.[1] (Docket Item [D.I.] 23.) Previously, Jones filed a Motion to Appoint Counsel (D.I. 3) which was denied without prejudice, with leave to refile upon service of the complaint.[2] (D.I. 13.) For reasons similar to those that I cited in my original order, Jones's renewed motion is denied.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of

---

[1] Jones alleges that he was attacked by another inmate and suffered severe eye injuries. (D.I. 2.) In a previous order, I dismissed without prejudice Jones's constitutional claims against Deputy Warden David Pierce and Major Security Chief David Holeman. (D.I. 13 at 5.) Jones's Eighth Amendment claims brought against Warden Thomas Carroll, Staff Lt. Alisha Pfofaci, Lt. Peter Forbes and C/O Joe Pomella remain under consideration.

[2] At the time Jones filed his original Motion to Appoint Counsel, service of process was not complete. (D.I. 13 at 6.)

special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984). Before a court utilizes this discretion, though, it must first determine whether the plaintiff's claim has some arguable merit in fact and law. *Id.* at 155. I wrote in my previous order that Jones "has raised what appear to be cognizable Eighth Amendment claims" against the remaining Defendants. (D.I. 13 at 5.) Thus, Jones's claims have arguable merit.

Having met this threshold issue, I next look at the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can agoottain and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

I do not find any circumstances in this case that make it appropriate for me to appoint counsel for Jones at this time. Thus far, Jones has done an adequate job in presenting his case. He filed a comprehensive complaint and subsequent motions with the court. Moreover, as I stated in my original order (D.I. 13), I do not find the allegations or legal issues to be of sufficient complexity to warrant appointment of counsel. While it is not clear at this time whether the case will turn on credibility determinations or whether expert witnesses will be necessary, the Defendants contend

that neither will be central to this case and perhaps not even required. (D.I. 24 at ¶ 10.)

Therefore, I decline to appoint counsel.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Jones's Renewed Motion to Appoint Counsel (D.I. 23) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

October 18, 2006
Wilmington, Delaware