IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Charles P. Jones,                    )
        Plaintiff,           )
                     )
                     )
    v.                           )
                     )          Civil Action No. 06-129 KAJ
Thomas Carroll, David Pierce[1], David   )
Holman[2], Alisha Profaci, Peter Forbes, and   )
Joe Pomella,                         )
        Defendants.          )

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Come now, Defendants Carroll, Forbes, Profaci, and Pomella, by and through undersigned counsel and respond to the Plaintiff's First Request for Production of Documents directed to Defendants as set forth below. The responses reflect the Defendants' present knowledge of the matters covered herein and their best efforts to ascertain information responsive to the requests.

## GENERAL OBJECTIONS

A.    Defendants object to the Request for Production of Documents to the extent that they seek documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

B.    Defendants object to the Request for Production of Documents to the extent that it seeks the production of documents equally available to the Plaintiff. Such document

---

[1] The claims against Deputy Warden Pierce have been dismissed pursuant to 28 U.S.C. § 1915(e) (2) (B) and § 1915A (b) (1).

[2] The claims against Security Chief Major Holman have been dismissed pursuant to 28 U.S.C. § 1915(e) (2) (B) and § 1915A (b) (1).

will be identified by the Defendants but will not be produced. Without waiving this objection, responsive non-privileged documents will be produced to the extent they become available to defendants and/or counsel.

## STATE DEFENDANTS' RESPONSES

1.      The complete prison records of inmate Anibal Melendez, SBI # 00337929. All disciplinary write-ups, 404 – incident reports, inmate grievances, and medical records including all mental health records and reports made outside of and within The Department of Correction.

**RESPONSE:**  Objection to the extent this request is overly broad and unduly burdensome, and does not seek information relevant to this action or likely to lead to the discovery of relevant information. Further objection to the extent that the Department of Correction records are protected from disclosure to inmates pursuant to state law, 11 *Del. C.* § 4322 and as recognized by federal law. Without waiving this objection, see the inmate institutional file records and incident reports relevant to the Complaint.

2.      All medical and mental health records of Plaintiff from the time of his incarceration in Delaware Correctional Center through and including the date of your response to this request.

**RESPONSE:** Objection to the extent this request is overly broad and unduly burdensome,

and does not seek information relevant to this action or likely to lead to the discovery of relevant information. Without waiving this objection, see the inmate medical records relevant to the Complaint.

3.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Wilfred Beckles, Department of Correction.

**RESPONSE:** Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

4.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Jaime Nieves, Jr., Department of Correction.

**RESPONSE:** Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

5.        All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Joseph S. Simon, Department of Correction.

**RESPONSE:** Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

6.        All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Timothy Timmons, Department of Correction.

**RESPONSE:**  Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint

7.        All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Kevin Hopkins, Sr., Department of Correction.

**RESPONSE:**  Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint

8.        All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Joseph Pomella, Department of Correction.

**RESPONSE:**  Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

9.        All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Monica Watson, Department of Correction.

**RESPONSE:** Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.


10.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Derrick Washington Department of Correction.


**RESPONSE:** Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.


11.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Alisha Profaci, Department of Correction.


**RESPONSE:** Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

12.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Peter Forbes, Department of Correction.

**RESPONSE:**  Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

13.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Raina Scott, Department of Correction.

**RESPONSE:**  Objection to the extent this request seeks documents or information protected from disclosure by the attorney-client privilege and/or attorney work product. Without waiving this objection, see relevant copies of incident and disciplinary reports and records related to the time period alleged in the complaint.

14.      All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Anibal Melendez, inmate, Department of Correction.

**RESPONSE:** Objection to the extent this request is overly broad and unduly burdensome, and does not seek information relevant to this action or likely to lead to the discovery of relevant information. Further objection to the extent that the Department of Correction records are protected from disclosure to inmates pursuant to state law, 11 *Del. C.* § 4322 and as recognized by federal law. Without waiving this objection, see the inmate institutional file records and incident reports relevant to the Complaint.

15.        All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by George Davis, inmate, Department of Correction.

**RESPONSE:** Objection to the extent this request is overly broad and unduly burdensome, and does not seek information relevant to this action or likely to lead to the discovery of relevant information. Further objection to the extent that the Department of Correction records are protected from disclosure to inmates pursuant to state law, 11 *Del. C.* § 4322 and as recognized by federal law. Without waiving this objection, see the inmate institutional file records and incident reports relevant to the Complaint.

16.        All written and/or verbal statements, originals or copies, identifiable as reports

about the incident on September 12, 2005 made by Kent County Paramedics.

**RESPONSE:** To the extent that such items may exist, see the medical records and reports provided. State Defendants reserve the right to supplement this response as appropriate.

17.     All written and/or verbal statements, originals or copies, identifiable as reports about the incident on September 12, 2005 made by Gloria Watson, Registered Nurse Correctional Medical Services.

**RESPONSE:** See the medical records and reports provided. State Defendants reserve the right to supplement this response as appropriate.

18.     Any and all photographs of Plaintiff's injuries, originals or copies, identifiable as evidence to the incident on September 12, 2005.

**RESPONSE:** See the medical records and reports provided. State Defendants reserve the right to supplement this response as appropriate.

19.     Any and all photographs of Crime Scene, originals or copies, identifiable as evidence to the incident on September 12, 2005.

**RESPONSE:** None available. State Defendants reserve the right to supplement this response as appropriate.

Dated:     November 14, 2006

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


___/s/ Ophelia M. Waters_____
Ophelia M. Waters, (ID #3978)
Deputy Attorney General
Carvel State Building
820 North French Street, 6th Fl.
Wilmington, DE  19803
(302) 577-8400
Counsel for State Defendants
ophelia.waters@state.de.us

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, I have mailed by United States Postal

Service, the *State Defendants Response to Plaintiff's First Request for Production of*

*Documents*  to the following: Charles P. Jones, Delaware Correctional Center, 1181

Paddock Road, Smyrna, Delaware, 19977.


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us