IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Charles P. Jones, )
)
    Plaintiff, )
)
)
)
v. ) Civil Action No. 06-129 KAJ
) *Magistrate Judge*
) *M.P.T.*
Thomas Carroll, et al, )
)
    Defendant. )

## MOTION FOR APPOINTMENT OF COUNSEL

FILED
DEC 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff Charles P. Jones pursuant to 28 U.S.C. § 1915, requests this court to appoint counsel to represent petitioner in the above-entitled action for the following reasons:

1. The plaintiff's does not have the ability to present his own case due to the excessive strain on the injured eye, which has place strain on the other eye.

2. The complexity of the legal issues presented in the complaint is beyond plaintiff's abilities.

3. The plaintiff's lack of ability to pursue an effective investigation of individuals likely to have discoverable information in support of Defendant's defenses.

4. The plaintiff averts that the case will turn on credibility determination.

5. Plaintiff averts that testimony of an expert witnesses will be necessary concerning the impairment to plaintiff's eyes because of the attack.

6. The plaintiff cannot attain and afford counsel on his own behalf.

7. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The Defendant's failed to take affirmative steps to prevent imminent harm to plaintiff's after

notification. Protection from violence is one of the "necessities of life" that prisons were obligated by the Eighth Amendment to provide.

8. Plaintiff has no constitutional or statutory right to the appointment of counsel in civil case. See Parhan v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1993); Tabron v. Grace, 6 F.3d 147, 153-54 (3d cir. 1993). Under certain circumstances, the Court may in its discretion appoint An attorney to represent an indigent civil litigant. See 28 U.S.C. § 1915(e)(1).

9. In deciding whether to appoint counsel for an indigent litigant, the District court of Delaware articulated the standard for evaluating a motion for appointment of counsel filed by a *pro se* plaintiff. See Green v. FCM, 430 F.Supp.2d 383, 387 n. 3 (D. Del. 2006)(citing Tabron and Parham). Initially, the Court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 157); accord Maclin v. Freake, 65 F.2d 885, 887 (7th Cir. 1981) (per curiam)(cited with approval in Parham and Tabron). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determination; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See *Parham*, 126 F.3d at 457-58 (*citing* Tabron, 6 F.3d at 155-56, 157 n.5). This list, of course, is illustrative, and by no means, exclusive. See id. At 458.

10. The plaintiff has filed a Motion for Production of Documents. The defendant's pursuant to 11 Del.C. § 4322 is precluding plaintiff from obtaining relevant requested documents under the purview, attorney-client privilege, only allowing plaintiff access to his own records.

11. With appointment of counsel, plaintiff would not be precluded from accessing any of the documents that is relevant and necessary to corroborate and supplement plaintiff memory of the

events. Pursuant to 11 Del. C. § 4322(a), the Attorney General, may in its discretion, permit the inspection of the requested documents by the offender's attorney.

For the foregoing reasons, the plaintiff has provided the court with sufficient foundation for the court to appoint counsel in this case.

Date: _December 22, 06_  _____
Charles P. Jones
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Charles P. Jones,                )
                                 )
    Plaintiff,                   )
                                 )
                                 )
                                 )
                                 )
    v.                           )   Civil Action No. 06-126 KAJ
                                 )
                                 )
Thomas Carroll, et al,           )
                                 )
    Defendant..                  )

ORDER

IT IS HEREBY ORDERED, THIS _____ DAY OF _____, 20____, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS BEEN READ AND CONSIDERED. IT IS ORDERED THAT THE MOTION IS HEREBY_____.

## Certificate of Service

I, Charles P. Jones, hereby certify that I have served true and correct copy of the attached motion for appointment of counsel upon Ophelia M. Waters, Deputy Attorney General, Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE 19801

BY PLACING SAME IN A SEALED ENVELOPE, and depositing it in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

_____
Charles P. Jones

On this 22nd day of December, 2006

