IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles P. Jones,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action No. 06-129 *** |
| Thomas Carroll, et al,<br>    Defendants. | )<br>) | |

### STATE DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

State Defendants, by and through their undersigned counsel, hereby oppose Plaintiff's request for the appointment of counsel, and request this Honorable Court to deny Plaintiff's motion. In furtherance of their answer in opposition, the Defendants represent as follows:

1. The Plaintiff, Charles P. Jones, is a prisoner of the State of Delaware, sentenced to a period of incarceration in the Delaware correctional system. He is currently incarcerated in the Delaware Correctional Center, Smyrna, Delaware. Plaintiff commenced this action on or about February 27, 2006, by forwarding his complaint and request to proceed *in forma pauperis* to the United States District Court for the District of Delaware. Therein, Plaintiff claims these defendants violated his Eighth Amendment right for failure to protect him from inmate violence. (D.I. 2). Plaintiff also filed a Motion for Appointment Counsel. (D.I. 3).

2. By Order of the Court dated March 9, 2006, Plaintiff was granted leave to proceed *in forma pauperis* and directed to make service of process. (D.I. 4). On or about May 9, 2006, Plaintiff filed a motion for leave to amend the complaint to add an additional defendant and request further relief. (D.I. 12). Waivers of Service returned executed as to several defendants. (D.I.I. 15-16; 18). This Honorable Court issued an order denying without prejudice Plaintiff's request to amend the complaint. (D.I. 19). Plaintiff was granted thirty (30) days to file a new motion with proposed amended complaint. Id.

3. On July 24, 2006, undersigned counsel entered her appearance on behalf of the defendants waiving service of process. (D.I. 20). At or about the same time, Defendants filed an answer as to all claims against Carroll, Profaci, Forbes and Pomella, with affirmative defenses. (D.I. 21). Following the answer, this Honorable Court set August 18, 2006 for a scheduling teleconference with the parties. (D.I. 22). Consistent with the Court's directive, the parties presented a proposed scheduling calendar.

4. On or about August 2, 2006, Plaintiff renewed his Motion to Appoint Counsel once again stating that he is incarcerated, that he has limited knowledge of the law and that access to the law library and law materials are limited, that his case is complex requiring significant research and that his efforts to obtain an attorney to represent him have been to no avail. (D.I. 23). Discovery proceeded with initial disclosures by Defendants and requests by plaintiff. (D.I.I. 34, 35). On or about October 10, 2006, Plaintiff's renewed motion to appoint of counsel was denied. (D.I. 37). This Court, concluding that plaintiff was presenting his case sufficiently, did not find any circumstances in the case necessitating the appointment of counsel for him. Id. Again, on

November 20, 2006, plaintiff filed another motion for the appointment of counsel. (D.I. 45). As with the previous motions for appointment, plaintiff alleged his inability to afford counsel, his disadvantage to litigate because he did not have access to a law library, his inability to present evidence and cross-examine witnesses, and the need for expert testimony to support his motion. Id.

  5. Finally, plaintiff filed another motion for the appointment of counsel. (D.I. 48). In this motion, filed on or about December 28, 2006, plaintiff alleges that he needs an attorney to represent his case because he is "precluded from accessing any of the documents that is (sic) relevant and necessary to corroborate and supplement plaintiff memory of the events." Id. Defendants contend by way of this Opposition to this Motion that the issues in this case are straight-forward, the Plaintiff has demonstrated a firm grasp of the legal precepts involved, and Plaintiff's request for counsel is, at best premature. This case is neither factually nor legally complex. Upon reviewing the pleadings and other papers filed in this action Plaintiff has demonstrated the ability to litigate this action pro se. Moreover, the Plaintiff has not made a showing of any other special circumstances indicating the likelihood of substantial prejudice.

  6. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."). It is solely within the court's discretion to request appointed counsel for indigent civil litigants. 28 U.S.C. § 1915 (e) (1). In exercising its discretion, the court must initially determine whether Plaintiff's claim "has arguable merit in fact and law." *Parham v. Johnson*, 126 F.3d at 457 (citing *Tabron v.*

*Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994)). If this threshold is successfully crossed, the court "must perform the requisite six-factor *Tabron* analysis." *Parham*, 126 F.3d at 459. These factors are:

> (1) The plaintiff's ability to present his or her own case;
> (2) The complexity of the legal issues;
> (3) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) The amount a case is likely to turn on credibility determinations;
> (5) Whether the case will require the testimony of expert witnesses;
> (6) Whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-156, 157 n. 5). While these factors should guide the court in evaluating the appointment of counsel, this list is not exhaustive and the court retains broad discretion. *Tabron*, 6 F.3d at 157. The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'"

*Id., quoting Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

7. Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need for expert testimony. *Tabron* analysis.

8. Concerning Plaintiff's ability to present his own case, Plaintiff argues in his motion that he does not have the ability "due to excessive strain on the injured eye, which has place strain on the other eye." (D.I. 48). Plaintiff's extensive pleadings

indicate the contrary. Plaintiff's complaint is ten (10) pages long (D.I. 2), and this does not include the several motions he filed all together. Clearly, Plaintiff has demonstrated that he has a sufficient grasp of English, both reading and writing, and that he has been able to utilize such resources as a typewriter, photocopying machine, pen, paper, as well as law library services. In sum, Defendants believe that Plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case. Moreover, the medical records indicate that plaintiff is receiving medical care and treatment for the eye trauma.

       9.      Concerning the complexity of the legal issues raised by Plaintiff's claims, essentially, his claim is a failure to protect him from the assault of another prisoner, in violation of his constitutional rights. Defendants believe that Plaintiff has demonstrated he has the ability and resources to research adequately, prepare, and respond to legal issues presented by this case.

      10.     Concerning the factual investigation necessary to the full presentation of Plaintiff's claims, and Plaintiff's ability to pursue the same, Plaintiff argues in his motion that Defendants rely on 11 Del. C. § 4322 to preclude him from obtaining requested documents under the purview of an attorney-client privilege, and only allow him access to his own records. Therefore, he argues, appointing counsel would better enable plaintiff "to obtain documents to corroborate and supplement plaintiff memory of the events." (D.I. 48). Defendants believe Plaintiff has the ability to pursue a factual investigation sufficiently to make a case against the appointment of counsel. In fact, Defendants have provided plaintiff with at least 798 documents, consisting of incident reports relevant to and surrounding events of the complaint, medical records documenting medical care and

treatment, and institutional records and reports associated with the assault by another prisoner. (D.I. 40).

11.     Concerning the impact of credibility in the resolution of this case, the need for expert witnesses, and whether the Plaintiff can afford or obtain counsel on his own behalf, Defendants believe credibility will not be a central issue in this case - this factor weighs against the appointment of counsel.  Expert testimony does not appear to be required - this also weighs against the appointment of counsel.  In light of this Court's grant of *in forma pauperis* status, it seems clear Plaintiff could not afford to retain counsel - this factor weighs in favor of the appointment of counsel.  Defendants believe this latter factor is outweighed by the other factors in the *Tabron* analysis, and are unaware of any other factors or concerns supporting the exercise of this Court's discretion to appoint counsel.

12.     Plaintiff raises issues in this motion for appointment of counsel which would not require the Court to grant his motion. This case is neither factually nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by filing motions.  Finally, Plaintiff fails to demonstrate any other factors or circumstances which warrant the appointment of counsel.

WHEREFORE, based on the foregoing reasons, Defendants respectfully request this Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

>STATE OF DELAWARE
>DEPARTMENT OF JUSTICE
>
>/s/Ophelia M. Waters_____
>Ophelia M. Waters, I.D. No. 3879
>Deputy Attorney General

                                                              Carvel State Building, 6th Floor
                                                              820 N. French Street
                                                              Wilmington, Delaware 19801
                                                              (302) 577-8400

Date: January 3, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles P. Jones,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action No. 06-129*** |
| Thomas Carroll, et al<br>    Defendants. | )<br>) | |

**O R D E R**

AND NOW THIS _____ day of _____, 2007, the Plaintiff's Motion for Appointment of Counsel having been presented and the parties' pleadings with respect thereto having been considered, it is hereby

ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2007, I electronically filed *Defendants' Motion in Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on January 3, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Charles P. Jones; SBI # 00228197; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us