IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES P. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-129-*** |
| | ) |
| THOMAS CARROLL, ALISHA PROFACI, | ) |
| PETER FORBES and JOE POMELLA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The Plaintiff, Charles P. Jones ("Jones"), an inmate at the Delaware Correctional Center, is a *pro se* litigant proceeding *in forma pauperis*.[1] He has recently filed two Renewed Motions to Appoint Counsel.[2] (Docket Item [D.I.] 45,48.) Previously, Jones filed a Motion to Appoint Counsel (D.I. 3) which was denied without prejudice, with leave to refile upon service of the complaint. (D.I. 13.) For reasons similar to those cited in the original order and the order of October 18, 2006, Jones's renewed motions are denied.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126

---

[1] Jones alleges that he was attacked by another inmate and suffered severe eye injuries. (D.I. 2.) In a previous order, Jones's constitutional claims against Deputy Warden David Pierce and Major Security Chief David Holeman were dismissed without prejudice. (D.I. 13 at 5.) Jones's Eighth Amendment claims brought against Warden Thomas Carroll, Staff Lt. Alisha Pfofaci, Lt. Peter Forbes and C/O Joe Pomella remain under consideration.

[2] Jones filed a second request for counsel (D.I. 23) on August 2, 2006 which was denied (D.I. 37). Jones filed a third request on November 20, 2006 and a fourth request on December 27, 2006 (D.I. 45, 48). This Order addresses plaintiff's third and fourth motions.

F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984). Before a court utilizes this discretion, though, it must first determine whether the plaintiff's claim has some arguable merit in fact and law. *Id.* at 155. In its previous orders, the court wrote that Jones "has raised what appear to be cognizable Eighth Amendment claims" against the remaining Defendants. (D.I. 13 at 5; D.I. 37 at 2). Thus, Jones's claims have arguable merit.

Having met this threshold issue, the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate were examined. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

There are no circumstances in this case that make it appropriate for this Court to appoint counsel for Jones at this time. Thus far, Jones has done an adequate job in presenting his case. He filed a comprehensive complaint and subsequent motions with the court. Moreover, as stated in the original order (D.I. 13) and reiterated in the subsequent order (D.I. 37), the allegations or legal issues are not sufficiently complex to warrant appointment of counsel. While it is not clear at this time whether the case will

turn on credibility determinations or whether expert witnesses will be necessary, the Defendants contend that neither will be central to this case and perhaps not even required. (D.I. 24 at ¶ 10; D.I. 49 at ¶ 11).

Although plaintiff argues that his ability to adequately represent himself is limited due to excessive eye strain, his extensive pleadings, including a ten (10) page complaint, belie this argument. His submissions to date indicate more than adequate ability and no substantial disability in presenting his own case.

Moreover, contrary to Jones's insinuation, he has not been prevented under 11 Del. C. § 4322 from obtaining documents. Defendants represent that a substantial number of documents have been provided

ACCORDINGLY, IT IS HEREBY ORDERED that:

Jones's Renewed Motions to Appoint Counsel (D.I. 45, 48) are DENIED.

UNITED STATES MAGISTRATE JUDGE

January 8, 2007
Wilmington, Delaware