IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES P. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 06-126-KAJ |
| ) | |
| THOMAS CARROLL, et al, ) | |
| ) | |
| Defendant's. ) | |

FILED MAR 26 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Charles P. Jones pursuant to 28 U.S.C. § 1915, request this court to appoint counsel to represent petitioner in the above-entitled action for the following reasons:

1. Plaintiff understands that he does not have a constitutional or statutory right to the appointment of counsel in civil case. Parhan v. Johnson, 126 F.3d 454, 456-57 (3rd Cir. 1993); Tabron v. Grace, 6 F.3d 147, 153-54 (3rd Cir. 1993). Under certain circumstances, the Court may in its discretion, appoint an attorney to represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1).

2. In deciding whether to appoint counsel for an indigent litigant, the District court of Delaware has articulated in Green v. FCM, 430 F.Supp.2d 383, 387 n.3 (D.Del. 2006)(citing Tabron and Parham) the standard for evaluating a motion for appointment of counsel filed by a *pro se* plaintiff. Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merits in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 157); accord Maclin v. Freake, 65

F.2d 885, 887 (7th Cir. 1981)(per curiam)(cited with approval in Parham and Tabron). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case, (2) the complexity of the legal issues; (3) extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determination; (5) Whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5). This list, of course, is illustrative, and by no means, exclusive. Id at 458.

3. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The Defendant's failed to take affirmative step to prevent imminent harm to plaintiff's after notifying the Defendant's. Protection from violence is one of the "necessities of life" that prisons are obligated by the Eighth Amendment.

4. The plaintiff's does not have the ability to present his own case without the help of a law-trained person from the Delaware Correctional Center Law Library, [1] due to the excessive strain on the injured eye, which has place strain on the other eye. The plaintiff is being prescribed "Tylenol with codeine to treat the severe pain. In addition, the plaintiff is being prescribed "Prozac and Imipramine." This medication is prescribed for the treatment of depression—that is, a continuing depression that interferes with daily functioning. The symptoms of major depression often include change in appetite, sleep

---

[1] Plaintiff is due to be discharged from prison come mid April 2007, leaving the plaintiff without the help of a law-trained person thereafter.

habits, and mind/body coordination; increased fatigue; difficulty concentrating; slowed thinking; and suicidal thoughts.

5. Without the help of a law-trained person from the Delaware Correctional Center Law Library, the legal issues presented in the complaint are beyond plaintiff's abilities to prosecute effectively.

6. The plaintiff's lacks the ability to pursue an effective investigation of whether the case will turn on credibility determination. In addition, the law-trained person is not in a position to execute such an investigation, thus the plaintiff averts that the case will turn on to credibility determination due to the complexity of the legal issues presented in the complaint.

7. The plaintiff avert that testimony of an expert witnesses will be necessary concerning the impairment to plaintiff's injury eye because of the attack.

8. The plaintiff cannot attain and afford counsel on his own behalf.

For the foregoing reasons, the plaintiff has provided the court with sufficient foundation for the court to appoint counsel in this case.

Date: March 13, 2007

Charles P. Jones
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES P. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-126-KAJ |
| | ) | |
| THOMAS CARROLL, et al, | ) | |
| | ) | |
| Defendant's. | ) | |

ORDER

IT IS HEREBY ORDERED, THIS _____ DAY OF _____,

200\_\_\_\_\_, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS

BEEN READ AND CONSIDERED. IT IS ORDER THAT THE MOTION IS HEREBY

_____

_____

_____

_____

Certificate of Service

I, Charles P. Jones, hereby state that I have served a true and correct copy of the attached motion for appointment of counsel upon Ophelia M. Waters, Deputy Attorney General, Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE 19801.

By placing same in a seal, envelope and depositing said motion in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977

Charles P. Jones

On this 13th day of March 2007.

INMATE: Carlos D. Torres
SBI# 00228192 UNIT C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

"Legal Mail"

Office Of The Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington, Delaware
19801

POSTAGE DUE 24¢