IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles P. Jones, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-129 *** |
| Thomas Carroll, Alisa Profaci, | ) | |
| Peter Forbes and Joe Pomella, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Defendants, by and through undersigned counsel, hereby oppose Plaintiff's Motion for

Appointment of Counsel, and request this Honorable Court to deny Plaintiff's Motion.

Defendants waive their right to file a brief in opposition to said motion, and allege the following:

1.      Plaintiff, Charles P. Jones, is an inmate currently incarcerated in the Delaware

Correctional System at the Delaware Correctional Center (hereinafter "DCC"). On or about

February 27, 2006, Plaintiff commenced this action by submitting to the Court his complaint and

a request to proceed *in forma pauperis*.  The Court has already summarized the substance of

Plaintiff's complaint:

> The facts in this case are straightforward. Jones alleges that on the evening
> of September 12, 2005, he was attacked by another inmate. The inmate stabbed
> Jones in the right eye with a sharpened toothbrush. Jones sustained serious injury
> to the eye, was taken to the emergency room at the Kent General Hospital, and
> later transferred to the Wills Eye Hospital in Philadelphia, Pennsylvania for
> further care and treatment. Jones alleges he underwent several eye surgeries
> including a cornea transplant and full retina reattachment. At the time of the
> filling of the complaint, Jones continues to receive treatment at the Wills Eye

Hospital.

Jones alleges that Warden Carroll failed to protect him from attack by failing to implement policies and procedures to insure the safety of vulnerable inmates from violent and aggressive inmates. Jones alleges that Deputy Warden Pierce and Holeman[1] failed to supervise staff to ensure that the staff was performing its duties in compliance with departmental policies and procedures. Finally, Jones alleges that Staff Lt. Alisha Profaci, Lt. Peter Forbes, and C/O Joe Pomella were either told or were aware of the threats made against him by his attacker, yet failed to protect him from the attack.
*Jones v. Carroll, et al,* Civil Action No. 06-129 KAJ, *mem. order*, May 12, 2006.

Basically, Plaintiff claims defendants violated his Eighth Amendment right for failure to protect him. (D.I.I. 2, 13).

2.      Plaintiff has also filed several motions for Appointment of Counsel. In support of his motions, Plaintiff has stated factors to sustain appointment such that he is incarcerated; has limited access to the DCC law library; is unskilled and ignorant of the law; expert testimony from the opposing side would put him at a considerable disadvantage, and lastly, appointment of counsel would serve the interests of justice in this case. (See, e.g. D.I.3). In response, the Defendants urged that this case was neither factually nor legally complex and that a review of the pleadings and other papers filed in this case demonstrated the ability of the Plaintiff to litigate this action *pro se*. Upon consideration, the Court consistently concluded that "his allegations are not of such a complex nature as to warrant appointment of counsel at this time." (See, e.g., D.I. 13).

3.      As Plaintiff concedes, appointment of counsel in this matter is discretionary. (See, D.I. 56). "The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997) (citations omitted).  Nor do civil litigants possess a statutory right to appointed counsel.

---

[1] All claims against Deputy Warden Pierce and Major Holman (misspelled "Holeman" in the complaint) were dismissed as legally and factually frivolous pursuant to 28 § 1915(e)(2)(B) and § 1915A(b)(1).

Id. at 457. In exercising its discretion, the Court must make a determination based "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock , 741 F.2d 22, 26 (3d Cir. 1984); accord , Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Thus far, the Plaintiff has not made a showing of any other special circumstances indicating the likelihood of substantial prejudice.

4.      Plaintiff's legal abilities are apparent as reflected in the pleadings filed up to now, i.e. Complaint (D.I. 2); six Motions for Appointment of Counsel (D.I. 3, 23, 31, 45, 48, 56) Motion to Amend the Complaint (D.I. 12); Initial Disclosures (D.I. 35);  Discovery Requests for Production of Documents (D.I. 36, 43) and a Motion to Compel (D.I. 42). Plaintiff has demonstrated that he has a clear understanding of the issues and has proven himself quite capable in responding and addressing his claims in this Court.

5.      On or about March 26, 2007, in Plaintiff's most recent Motion for Appointment of Counsel filed, he claims that he will be released from incarceration sometime in mid April, 2007, "leaving [him] without the help of a law trained person thereafter." (D.I.56). He alleges that he "does not have the ability to present his own case without the help of a law-trained person from the Delaware Correctional Center Law Library due to the excessive strain on the injured eye, which has placed strain on the other eye." Id.

6.      Concerning Plaintiff's ability to present his own case, he argues in his motion that he has been prescribed a medication "imipramine" to treat depression he describes as "interfere[ing] with daily functioning." On February 27, 2007, examination of plaintiff's mental

health progress note reflects that plaintiff stopped taking imipramine weeks prior when he began experiencing some pain and swelling to his body. (See Routine Mental Health Visit-Mental Health Progress Note attached as Exhibit "A"). Again, on March 15, 2007, plaintiff's request for medical services states that he put in a sick call slip for services concerning his refusal to take medications. (See Correctional Medical Services Request for Medical Services attached as Exhibits "B"). Nonetheless, these medical notes do not suggest that he exhibited such symptoms as a change in appetite, change in mind or body coordination, increased fatigue, difficulty concentrating, slowed thinking and suicidal thoughts, as he implies in his motion.

7.    On April 6, 2007, despite contrary claims, plaintiff visited with a mental health clinician who observed that plaintiff presented with good eye contact, a cooperative interview attitude, normal speech, logical and coherent thought process, normal motor activity, no abnormal thought content, and appropriate affect with average intelligence. (See Routine Mental Health Visit-Mental Health Progress Note attached as Exhibit "C"). Moreover, the plaintiff reported that the medication change helps with his mood, improved sleep and appetite. Id. If plaintiff now attempts to argue to the Court that he is too unskilled to proceed in the absence of court appointed counsel, his argument will be outweighed by his prior performance in the filing the above outlined pleadings. Plaintiff's artful pleadings demonstrate his understanding of the particular issues and facts of the case and his ability, without assistance of counsel, to present the facts and legal issues to the court.

8.    Plaintiff's essential claim is cruel and unusual punishment in violation of his Eighth Amendment right. This case is neither factually nor legally complex. In filing discovery requests, Plaintiff demonstrates his ability to pursue a sufficient factual investigation to support his claims. As well, credibility will not be the central issue in this case nor will expert testimony

be required. Given this analysis of the <u>Tabron</u> factors, Plaintiff's request for counsel is unsubstantiated.  <u>Tabron</u> 6 F.3d at 155-56.

9.      Most *pro se* litigants have little or no help from law trained persons to assist them in legal research and writing, filing pleadings or copying costs; responsibilities that Plaintiff will continue to carry out upon his release. Conversely, Plaintiff will also no longer be subject to DCC's regulations which restrict his movements at all times as a prisoner. In addition, there are law libraries, in all three counties which are opened to the public and where Plaintiff can continue researching and working on his case.  As previously stated, the Plaintiff has demonstrated throughout this litigation that he understands the issues and is fully capable of litigating this case.

10.      Plaintiff raises no new issues in this motion for appointment of counsel which would require the Court to treat it differently than Plaintiff's prior motion for appointment counsel.  (<u>See</u> Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel, D.I. #15, and Order, D.I. #19).  This case remains "neither factually nor legally complex."  (<u>See</u> Order, D.I. #19 ¶2).  Plaintiff continues to demonstrate the ability to litigate this action <u>pro</u> <u>se</u> by filing thorough pleadings and discovery requests, as well as adhering to Court Orders.  Finally, Plaintiff fails to demonstrate any other "special circumstances indicating the likelihood of substantial prejudice."

WHEREFORE, based on the foregoing reasons, Defendants respectfully request this Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

<div style="margin-left: 50%;">

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/Ophelia M. Waters_____
Ophelia M. Waters, I.D. No. 3879

</div>

Date: April 19, 2007

Deputy Attorney General
Carvel State Building 6th Floor
820 N. French Street
Wilmington, Delaware 19801
(302) 577-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles P. Jones, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-129 *** |
| Thomas Carroll, Alisa Profaci, | ) | |
| Peter Forbes and Joe Pomella, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

AND NOW THIS _____ day of _____, 2007, the Plaintiff's

Motion for Appointment of Counsel having been presented and the parties' pleadings with

respect thereto having been considered,

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is

DENIED.

_____
UNITED STATES DISTRICT JUDGE

7

*CERTIFICATE OF SERVICE*

I hereby certify that on April 19, 2007 I electronically filed *Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on April 19, 2007 I have mailed by United States Postal Service, the document to the following non-registered participant: Charles P. Jones; SBI # 00228197; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us

# EXHIBIT A

# MENTAL HEALTH PROGRESS NOTE

**SUBJECTIVE:**

Face to face contact with client ☑ in office ☐ cell side ☐ group ☐ on unit ☐ other: _____

Reason for contact: ☑ sick call ☑ RMHV ☐ referral ☐ crisis ☐ referral ☐ evaluation

Statements/events: _____

_____

☐ Reports taking psychotropic meds as prescribed ☑ Not compliant with meds due to _____

☐ None prescribed at this time  Side effects: ☐ No ☑ Yes, describe: _Swelling of his testicle_

_Only takes the Prozac_

**OBJECTIVE:** Mental Status Exam:

| Appearance: | Speech: | Thought Process: | Hallucinations: | Insight | Suicidal Ideations |
|---|---|---|---|---|---|
| ☑ Neat/Clean | ☑ Normal | ☑ Logical/Coherent | ☑ Denied | ☑ Good | ☑ No |
| ☐ Unkempt | ☐ Loud | ☐ Tangential | ☐ Auditory | ☐ Fair | ☐ With Plan |
| ☐ Disheveled | ☐ Soft | ☐ Looseness Associations | ☐ Visual | ☐ Poor | ☐ W/O Plan |
| ☐ Good eye contact | ☐ Pressured | ☐ Flight of Ideas | ☐ Other:_____ | | |
| ☐ Poor eye contact | ☐ Blocked | ☐ Perseverations | | | |

| Interview Attitude: | Mood: | Thought Content: | Motor Activity: | Judgment | Homicidal Ideations |
|---|---|---|---|---|---|
| ☑ Cooperative | ☑ Stable | ☑ No Abnormal | ☑ Normal | ☑ Good | ☑ No |
| ☐ Unresponsive | ☐ Euthymic | ☐ Obsessions | ☐ Slowed | ☐ Fair | ☐ With Plan |
| ☐ Evasive | ☐ Depressed | ☐ Compulsions | ☐ Restless | ☐ Poor | ☐ W/O Plan |
| ☐ Manipulative | ☐ Anxious | ☐ Phobias | ☐ Agitated | | |
| ☐ Guarded | ☐ Irritable | ☐ Euphoric | | | |
| ☐ Argumentative | | | | | |

| Orientation: | Affect: | Delusions: | Intelligence: |
|---|---|---|---|
| ☐ X4 | ☑ Appropriate | ☑ None Observed | ☑ Average |
| ☑ Person | ☐ Flat | ☐ Persecutory | ☐ Below Average |
| ☑ Place | ☐ Restricted | ☐ Grandiose | ☐ Above Average |
| ☑ Time | ☐ Blunted | ☐ Somatic | |
| | ☐ Labile | ☐ Influence | |
| | ☐ Inappropriate | | |

Observations: _I/m was calm and cooperative_

_____

_____

**ASSESSMENT:** Diagnostic Impression

AXIS I:   ☐  _GAD, Depression NOS_

AXIS II:  ☐  _Deferred_

AXIS III: ☑ Unknown ☐ None

Optional:  AXIS IV: _Incarceration_        AXIS V: Current GAF _____

Additional Assessment Comments: _I/m reports that the_
_Imipramine Medication is having a bad_
_side effect on him (Swelling of the Testicle)_
_so he stopped taking the Med for a week now._

**PLAN:**

☑ Has been educated on how to contact Mental Health PRN

☑ F/U x30 days        ☐ See psychiatrist @90 days

☐ Continue working on treatment plan goals as written

☑ Refer to psychiatrist for Psych. Eval/Med Review

☐ Other: _____

---

**AXIS I:**
V65.2  Malingering
309.0  Adj. DO, Depr.
309.24 Adj. DO, Anx.
309.28 Adj. DO, Mixed
296.33 Maj. Depr. w/o psy
296.34 Maj. Depr. with psy
311    Depr. D.O., NOS
296.80 Bipolar D. O., NOS
296.4x Bipolar I, Manic
300.02 Gen. Anx. D. O.
309.81 PTSD  314.9 ADHD
312.30 Imp. Control, NOS
295.30 Chr. Schiz., par.
295.90 Chr. Schiz., undif.
295.70 Schizoaffective DO
293.82 Subs. Induced Psych
298.9  Psychosis, NOS
303.90 Alc. Dep., IACE
305.00 Alc. Abuse
305.20 Cannabis Abuse
304.30 Cannabis Dep, IACE
304.20 Cocaine Dep., IACE

**AXIS II:**
301.83 Borderline Pers. DO
301.7  Antisocial Pers. DO
319    MR, Unspecified
V71.09 None 799.9 Deferred

---

CLINICIAN SIGNATURE / TITLE: _Henry M. Telor Jr. MSW._

IM NAME: _Jones, Charles_    SBI# _228197_

DATE: _2/27/07_        TIME: _8:00 Am_        HOUSING UNIT _C_

Form Last Modified 5/6/05

# EXHIBIT B

# DELAWARE DEPARTMENT OF CORRECTIONS
## ~~REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES~~

Date of Birth _____    SBI Number _____    Date Submitted _____

Complaint (What type of problem are you having)? *need To speak*
*with someone about meds*

_____ *(signature)* _____    3/15-07

Inmate Signature                              Date

**The below area is for medical use only. Please do not write any further.**

S:  I/M SEEN FOR SICK CALL. "I'M NOT TAKING THOSE MEDS."

O:  Temp:____  Pulse:____  Resp:____  B/P:____  WT:____ I/M RPTS SIDE
EFFECTS FROM TAKING MEDS, IE SWELLING OF TESTICLES AND LIGHT HEADEDNESS.
I/M STOPPED TAKING IMIPRAMINE. ⊖ SI/HI. (NO) SLEEP WNL. I/M RELEASED IN A MTH.

A:  AXIS I: GAD, DEPRESSION NOS
     - STABLE AT THIS TIME

P:  REFER I/M TO ψIST FOR MED EVAL DUE TO SIDE EFFECTS RPTD.

E:

_____ *(signature)* Mmet Dummond MED    3/20/07  1345
Provider Signature & Title                 Date & Time

3/1/99 DE01
FORM#:
MED
263

# EXHIBIT C

MENTAL HEALTH PROGRESS NOTE

SUBJECTIVE:
Face to face contact with client [✓] in office [ ] cell side [ ] group [ ] on unit [ ] other:_____
Reason for contact: [ ] sick call [✓] RMHV [ ] referral [ ] crisis [ ] referral [ ] evaluation
Statements/events:_____

_____ I/M SEEN FOR RMHV _____

_____

[✓] Reports taking psychotropic meds as prescribed [ ] Not compliant with meds due to _____
[ ] None prescribed at this time  Side effects: [✓] No [ ] Yes, describe: _____

OBJECTIVE: Mental Status Exam:

| Appearance: | Speech: | Thought Process: | Hallucinations: | Insight | Suicidal Ideations |
|---|---|---|---|---|---|
| [✓] Neat/Clean | [✓] Normal | [✓] Logical/Coherent | [✓] Denied | [ ] Good | [✓] No |
| [ ] Unkempt | [ ] Loud | [ ] Tangential | [ ] Auditory | [✓] Fair | [ ] With Plan |
| [ ] Disheveled | [ ] Soft | [ ] Looseness Associations | [ ] Visual | [ ] Poor | [ ] W/O Plan |
| [✓] Good eye contact | [ ] Pressured | [ ] Flight of Ideas | [ ] Other:_____ | | |
| [ ] Poor eye contact | [ ] Blocked | [ ] Perseverations | | | |

| Interview Attitude: | Mood: | Thought Content: | Motor Activity: | Judgment | Homicidal Ideations |
|---|---|---|---|---|---|
| [✓] Cooperative | [✓] Stable | [✓] No Abnormal | [✓] Normal | [ ] Good | [✓] No |
| [ ] Unresponsive | [✓] Euthymic | [ ] Obsessions | [ ] Slowed | [✓] Fair | [ ] With Plan |
| [ ] Evasive | [ ] Depressed | [ ] Compulsions | [ ] Restless | [ ] Poor | [ ] W/O Plan |
| [ ] Manipulative | [ ] Anxious | [ ] Phobias | [ ] Agitated | | |
| [ ] Guarded | [ ] Irritable | [ ] Euphoric | | | |
| [ ] Argumentative | | | | | |

| Orientation: | Affect: | Delusions: | Intelligence: |
|---|---|---|---|
| [✓] X4 | [✓] Appropriate | [✓] None Observed | [✓] Average |
| [ ] Person | [ ] Flat | [ ] Persecutory | [ ] Below Average |
| [ ] Place | [ ] Restricted | [ ] Grandiose | [ ] Above Average |
| [ ] Time | [ ] Blunted | [ ] Somatic | |
| | [ ] Labile | [ ] Influence | |
| | [ ] Inappropriate | | |

Observations: I/M PRESENTED Ē HAPPY MOOD, LEAVING 4/18/07.
PROVIDED I/M WITH DISCHARGE INFO (SEE COPY
OF LETTER IN FILE). I/M RPTS MED CHANGE
HELPS Ē MOOD. IMPROVED SLEEP AND APPETITE
RPTD. ⊖ SI/HI

ASSESSMENT: Diagnostic Impression
AXIS I:   [✓] GAD BY CHART, DEPRESSION
AXIS II:  [✓] NONE
AXIS III: [ ] Unknown [ ] None  HTN , RIGHT EYE TRAUMA
Optional: AXIS IV: INCARCERATION        AXIS V: Current GAF _____

Additional Assessment Comments: I/M SCHEDULED FOR APPT ON
4/19 AT WILMINGTON COMMUNITY HEALTH. ENCOURAGED
I/M TO CONTINUE Ē MH SERVICES ONCE RELEASED.

PLAN:     [✓] Has been educated on how to contact Mental Health PRN
          [ ] F/U x30 days        [ ] See psychiatrist @90 days
          [✓] Continue working on treatment plan goals as written
          [ ] Refer to psychiatrist for Psych. Eval/Med Review
          [ ] Other:_____

AXIS I:
V65.2  Malingering
309.0  Adj. DO, Depr.
309.24 Adj. DO, Anx.
309.28 Adj. DO, Mixed
296.33 Maj. Depr. w/o psy
296.34 Maj. Depr. with psy
311    Depr. D.O., NOS
296.80 Bipolar D. O., NOS
296.4x Bipolar I, Manic
300.02 Gen. Anx. D. O.
309.81 PTSD 314.9 ADHD
312.30 Imp. Control, NOS
295.30 Chr. Schiz., par.
295.90 Chr. Schiz., undif.
295.70 Schizoaffective DO
293.82 Subs. Induced Psych
298.9  Psychosis, NOS
303.90 Alc. Dep., IACE
305.00 Alc. Abuse
305.20 Cannabis Abuse
304.30 Cannabis Dep, IACE
304.20 Cocaine Dep., IACE

AXIS II:
301.83 Borderline Pers. DO
301.7  Antisocial Pers. DO
319    MR, Unspecified
V71.09None799.9 Deferred

CLINICIAN SIGNATURE / TITLE: _Mmet Drummond Med_

IM NAME: JONES CHARLES    SBI# 228197

DATE: 4/6/07    TIME: 0915    HOUSING UNIT C

Form Last Modified 5/6/05