IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES P. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-129-*** |
| | ) |
| THOMAS CARROLL, ALISHA PROFACI, | ) |
| PETER FORBES and JOE POMELLA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff, Charles P. Jones ("Jones"), an inmate at the Delaware Correctional Center, is a *pro se* litigant proceeding *in forma pauperis*.[1] He recently filed a Motion to Appoint Counsel.[2] (Docket Item [D.I.] 56) Previously, Jones filed a Motion to Appoint Counsel (D.I. 3) which was denied without prejudice, with leave to refile upon service of the complaint. (D.I. 13.) For reasons similar to those cited in the original Order and the Orders of October 18, 2006 and January 8, 2007, Jones's renewed motion is denied.

As explained in previous Orders, a plaintiff has no constitutional or statutory

---

[1] Jones alleges that he was attacked by another inmate and suffered severe eye injuries. (D.I. 2.) In a previous order, Jones's constitutional claims against Deputy Warden David Pierce and Major Security Chief David Holeman were dismissed without prejudice. (D.I. 13 at 5.) Jones's Eighth Amendment claims brought against Warden Thomas Carroll, Staff Lt. Alisha Pfofaci, Lt. Peter Forbes and C/O Joe Pomella remain under consideration.

[2] Jones filed a second request for counsel (D.I. 23) on August 2, 2006 which was denied (D.I. 37). Jones filed a third request on November 20, 2006 and a fourth request on December 27, 2006 (D.I. 45, 48) which were also denied. See D.I. 50, 51. Jones then filed another motion for appointment of counsel (D.I. 56), which the court allowed him to augment. As a result, Jones filed further information (D.I. 64), some of which has been placed under seal by the court, in support of his renewed motion for counsel.

right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). A court, however, has discretion to appoint counsel under 28 U.S.C. § 1915(e)(1), when such appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984).

Previously, Jones argued that he did not have legal training and a limited education and suffered from eye strain. In his present motion, he raises the same arguments, but also, advises that he is taking mediation for depression. Since he has been released from prison, Jones notes that he no longer has access to law-trained personnel from the Delaware Correctional Center. Because of his release, Jones is now in the process of trying to find employment, another basis for his request for counsel.

In determining whether counsel should be appointed, the court is guided by the factors delineated in *Tabron*. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

Jones' complaint focuses on the alleged failure of certain guards at the prison,

who were either aware or were told of the threats made against Jones, but failed to appropriately protect him from an attack by a fellow inmate. The factual and legal issues in this case are clearly not complex and should not require the need for expert testimony.

Although Jones asserts that depression *may* cause various physical conditions including fatigue, change in appetite, and sleep difficulties, he does not state that he has suffered from those conditions. He merely and conclusory asserts that the continuing depression interferes with his daily function. How that daily functioning is allegedly affected is unknown. Further, the defense has shown that while incarcerated, Jones failed to take his prescribed antidepressant on his own accord. Moreover, his visit with a mental health clinician in April 2007 showed that Jones made good eye contact, had a cooperative interview and attitude, maintained normal speech, with a logical and coherent thought process, evidenced normal motor activity, had no abnormal thought content and demonstrated appropriate effect with average intelligence. D.I. 58, Ex. C. There is no mention that Jones suffers from any physical problems related to his depression or that his depression substantially interferes with his daily life activities.

Throughout this case, Jones has demonstrated his ability to effectively pursue his case. He has filed discovery, numerous appointment of counsel motions, an extensive complaint – all which show his understanding of the particular issues and facts of the case and his ability, without the help of counsel, to present the factual and legal issues to the court. His use of the discovery process reveals an understanding of how to perform a factual investigation.

Non-prisoner *pro se* litigations usually have little or no help from law trained individuals; however, the same standards regarding appointment of counsel applies to all *pro se* litigants. The standards do not change because a litigant, who originally was a prisoner, is now released. Because of his release status, Jones is no longer subject to the restrictions of DCC regulations, which include restrictions to his movement. Facilities exist in all three counties of this state, as well as, the neighboring states, which are available to Jones, to read, review and research. Further, he has direct access to the court. Accordingly,

IT IS HEREBY ORDERED that Jones' motion to appoint counsel (D.I. 56) is denied, with leave to refile.

Date: July 30, 2007

UNITED STATES MAGISTRATE JUDGE