## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES P. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-129-SLR |
| | ) |
| WARDEN THOMAS CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

Jeffrey K. Martin, Esquire, Martin & Wilson, P.A.  Counsel for Charles P. Jones.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Thomas Carroll, David Holeman, Alisha Profaci, Peter Forbes, and Joe Pomella.

## MEMORANDUM OPINION

Dated: March 5, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Charles P. Jones ("plaintiff"), a former inmate at the Delaware
Correctional Center ("DCC"), filed this civil rights complaint pursuant to 42 U.S.C. §
1983. (D.I. 2) Presently before the court is a motion for summary judgment filed by
State defendants former Warden Thomas Carroll ("Warden Carroll"), Alisha Profaci
("Profaci"), Staff Lt. Peter Forbes ("Forbes"), and Correctional Officer Joseph Pomella
(Pomella") (collectively, the "State defendants"), and plaintiff's response thereto. (D.I.
67, 68, 70, 71) For the reasons set forth below, the court will grant State defendants'
motion for summary judgment.

## II. BACKGROUND

Plaintiff alleges that on the evening of September 12, 2005, he was attacked by
another inmate. The inmate stabbed plaintiff in the right eye with a sharpened
toothbrush. Plaintiff sustained serious injury to the eye and received medical treatment.
Plaintiff alleges State defendants failed to protect him from the attack.

State defendants move for summary judgment on the bases that plaintiff failed to
exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e, plaintiff
fails to prove any set of facts to support a claim that State defendants were deliberately
indifferent to plaintiff's need for protection, Warden Carroll had no personal involvement,
and State defendants are entitled to qualified immunity. Plaintiff asks the court to deny
the motion on the bases that State defendants failed to protect him despite their
knowledge of prior incidents and housing errors, and he believed that the grievance
procedure was not a remedy in "this situation."

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears

the burden of proving that no genuine issue of material fact exists. See Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that

could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from

which a rational person could conclude that the position of the person with the burden of

proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co.,

57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has

demonstrated an absence of material fact, the nonmoving party then "must come

forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita,

475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts

and all reasonable inferences therefrom in the light most favorable to the party opposing

the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the nonmoving party,

however, will not be sufficient for denial of a motion for summary judgment; there must

be enough evidence to enable a jury reasonably to find for the nonmoving party on that

issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the

nonmoving party fails to make a sufficient showing on an essential element of its case

with respect to which it has the burden of proof, the moving party is entitled to judgment

as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

State defendants argue that summary judgment is appropriate because plaintiff failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, –U.S.–, 127 S.Ct. 910 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Under Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382 (2006), exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to brining suit in federal court." Id. at 2384.

Delaware Department of Correction ("DOC") administrative procedures provide for a multi-tiered grievance and appeal process. An inmate who wishes to grieve a

-3-

particular issue must express the grievance in writing within seven calendar days following the incident. The grievance is reviewed by the inmate grievance chair. If the grievance is unresolved, then the inmate is entitled to a hearing before the resident grievance committee. The decision of the resident grievance committee is forwarded to the warden or the warden's designee for review and concurrence. If the resident grievance committee fails to obtain the concurrence of the warden, the inmate is entitled to review of the matter by the bureau grievance officer. An inmate has exhausted all available administrative remedies once the foregoing is completed. (D.I 68, ex. B)

When an emergency grievance is filed, it is immediately addressed by the warden/warden's designee ("WWD"). Also, a copy of the grievance is sent to the inmate grievance chair upon receipt by the WWD. The WWD responds within one calendar day. Appeals of the WWD's decision are decided by the bureau chief of prisons within one calendar day upon receipt of the emergency appeal. If the WWD determines that the grievance does not meet the emergency criteria, the grievance is returned to the inmate for processing through the normal inmate grievance process steps. (Id.).

Plaintiff's complaint states that administrative remedies were not exhausted because "the complaint is not a grievable issue." (D.I. 2) Plaintiff testified during his deposition that he was aware of the DOC grievance procedure and had used it before. (D.I.68, ex. A at 90) He testified that, in this case, he did not take any action with regard to the grievance procedure. (Id. at 91) Michael McCreanor, an inmate grievance chairperson, reviewed plaintiff's grievances and found no grievances filed by him alleging threatening behavior by the inmate who attacked him or requesting a transfer to

-4-

another cell or area of the facility. (D.I. 68, ex. C)  In response to State defendants'

motion, plaintiff states that he answered honestly at his deposition with respect to

exhaustion of the grievance process and it was his "belief" at the time that the grievance

procedure was not a remedy "in this situation."  (D.I. 71 ¶¶ 7, 8)

Despite his familiarity with the grievance process, plaintiff took no steps to

exhaust his administrative remedies.  Rather, he filed this lawsuit.  There is no genuine

issue of material fact.  It is undisputed that plaintiff did not exhaust his administrative

remedies as is required under the PLRA and, therefore, the court will grant State

defendants' motion for summary judgment.[1]

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant State defendants' motion

for summary judgment.  An appropriate order will issue.

---

[1]The court will not address the remaining issues raised by State defendants since
the issue of exhaustion of administrative remedies is case dispositive.