## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,⁣ )
)
     Plaintiff, )
)
v. )    Civil Action No. 06-129-SLR
)
WARDEN THOMAS CARROLL, DEPUTY )
WARDEN DAVID PIERCE, MAJOR )
SECURITY CHIEF DAVID HOLEMAN )
STAFF LT. ALISHA PROFACI, LT. PETER )
FORBES, and C/O JOE POMELLA )
)
     Defendants. )

## MOTION FOR REARGUMENT

Plaintiff, by and through his undersigned counsel and pursuant to Local Rules of Civil Procedure 7.1.5, files this motion respectfully seeking reargument of the Court's decision granting summary judgment in favor of State Defendants. In its March 5, 2008 Memorandum Opinion, the Court held that Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e. Plaintiff respectfully submits that because Plaintiff was not represented until days before the Court released its decision, Plaintiff was unable to set forth facts and arguments that would have materially affected the Court's decision.

An inmate must exhaust his administrative procedures, *so long as* there are administrative procedures made available to him. The determination of whether an inmate has exhausted his administrative remedies "is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, *and the waiver, if any, of such regulations by prison officials.*" *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004)(emphasis added). With respect to cases in which § 1997(e) is applicable, "[a]ll *available* remedies must

now be exhausted ..." *Porter v. Nussle*, 534 U.S. 516, 524 (2002)(emphasis added). "The jail cannot fail to follow through on promised action and then reasonably fault the plaintiff for failing to complete the administrative review process." *Myers v. McAuley*, 2002 U.S. Dist. LEXIS 17001 *10 (D. Ill. 2002)(attached at Ex. 1).

The basic facts of this case have been set forth in the pleadings submitted to the Court thus far in this case. However, there are certain facts specifically relevant to the availability of administrative remedies to the Plaintiff that were not available for the Court's consideration due to Plaintiff's *pro se* status. Plaintiff did not choose his *pro se* status. In fact, he made four applications to the Court to have an attorney appointed to represent him. (Attached hereto at Ex. 2[1]). Those requests were denied. (Attached at Ex. 3[2]). Plaintiff's counsel entered their appearance on Plaintiff's behalf in this case only two days prior to the Court issuing its decision on Defendants' Motion for Summary Judgment. (See, Entry of Appearance of March 3, 2008, C.A. No. 129 (D. Del. 2006) attached hereto at Ex. 4).

As the Court is aware, Plaintiff was attacked at the Delaware Correctional Center ("DCC") and stabbed in the eye by another inmate, Anabal Melendez ("Mr. Melendez"), with a toothbrush that had been sharpened on one end on September 12, 2005. Following the attack, Plaintiff was taken to Kent General Hospital in Dover, DE and then transferred to Wills Eye Hospital in Philadelphia, PA, where he spent four days. (Affidavit of Charles P. Jones, C.A. No. 06-129-SLR, (hereafter, "Jones Aff.") attached hereto at Ex. 5). As the Court noted, Plaintiff

---

[1] All of Plaintiff's filings are not included in this Exhibit because counsel is not currently in possession thereof. However, the docket for this case indicates that Plaintiff filed such motions on February 27, 2006, August 2, 2006, November 20, 2006, December 27, 2006 and March 26, 2007.
[2] All of the Court's orders are not included in this Exhibit because counsel is not currently in possession thereof. However, the docket for this case indicates that the Court denied Plaintiff's Motions on May, 12, 2006, October 18, 2006, January 8, 2007 and May 18, 2007.

had only seven calendar days in which to file his grievance. Therefore, the first four days of this seven day period, Plaintiff was unable to file a grievance because he was at Wills Eye Hospital.

Following his release from Wills, Plaintiff was returned to DCC and placed in the infirmary for approximately one week. (Jones Aff.). Thereafter, Plaintiff was again taken to Wills Eye Hospital to undergo surgery. (Jones Aff.). He spent another four days at Wills and then was transferred back to DCC where he was again placed in the infirmary for another two to three months. (Jones Aff.). The first two to three weeks of this stay in the infirmary, Plaintiff remained on "lock down" status. (Jones Aff.). During the entire time that Plaintiff was at Wills and while on "lock down" in the infirmary, he had none of his own personal property, he was provided no paper or other material to write on, nor was he provided any pencils, pens or other writing instruments. (Jones Aff.). As a result, the grievance process was not available to Plaintiff because he had no means by which to prepare a grievance. (Jones Aff.).

Also during the entire time that Plaintiff was at Wills and in the DCC infirmary, Plaintiff was heavily medicated for his severe injuries. (Jones Aff.). Furthermore, Plaintiff's vision was such that, he was blind in the eye that was stabbed and his healthy eye was affected to the extent that he could only keep that eye open for very brief periods of time. (Jones Aff.). As a consequence, the grievance process was not "available" to Plaintiff because he was neither mentally or physically capable of filling out the grievance paperwork. (Jones Aff.).

Finally, as Plaintiff stated, it was his belief that his situation was not a "grievable issue." (Jones Aff.). Plaintiff's belief in this regard is directly attributable to representations made to Plaintiff by a corrections officer. That corrections officer told Plaintiff that that housing and safety, including another inmate's access to another inmate, were *not* subject to the grievance process; rather they were issues that should be addressed through security. (Jones Aff.). Based

upon these representations, Plaintiff did not grieve this issue prior to Melendez' attack on Plaintiff, nor did he grieve the actual attack based upon those same representations because he viewed the attack on him by Melendez as a safety issue. (Jones Aff.). Instead, as instructed, Plaintiff informed the tier officer of the threats that Melendez made to him. (Jones Deposition, C.A. No. 06-129, Feb. 20, 2007, at 89, attached hereto at Ex. 6). Because a DCC representative misrepresented to Plaintiff that these issues were not subject to the grievance process, the State may not now rely upon its own misrepresentations in arguing that Plaintiff failed to exhaust his administrative. Therefore, by virtue of the State's own actions, the grievance process was not "available" to Plaintiff.

WHEREFORE, for all of the reasons hereinabove stated, it is respectfully requested that the decision granting summary judgment in favor of the State Defendants be set aside and the matter proceed to trial.

DATE: March 19, 2008

By:

Jeffrey K. Martin, Esq. (#2407)
Timothy J. Wilson, Esq. (#4323)
Martin & Wilson, P.A.
1508 Pennsylvania Ave.
Wilmington, Delaware 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com

4

# EXHIBIT 1

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

**H**Myers v. McAuley
N.D.Ill.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
Ronald MYERS, # N-30973 Plaintiff,
v.
Dr. James MCAULEY, et al. Defendants.
No. 02 C 1590.

Sept. 5, 2002.

Pretrial detainee brought pro se civil rights action
against health care providers at county jail, alleging
that they acted with deliberate indifference to his
serious medical needs. Defendants moved to dismiss.
The District Court, Coar, J., held that: (1) detainee
sufficiently exhausted his administrative remedies;
(2) allegations stated claim for deliberate indifference
to detainee's medical needs by individual health care
providers; (3) detainee was barred from bringing
action against health care providers in their official
capacity; and (4) detainee's claim for injunctive relief
was moot.

Motion granted in part, and denied in part.

West Headnotes

**[1] Civil Rights 78 ☞1319**

78 Civil Rights
    78III Federal Remedies in General
        78k1314 Adequacy, Availability, and
Exhaustion of State or Local Remedies
            78k1319 k. Criminal Law Enforcement;
Prisons. Most Cited Cases
            (Formerly 78k209)
Pretrial detainee sufficiently exhausted his
administrative remedies before filing pro se civil
rights action against health care providers at county
jail for deliberate indifference to his medical needs,
as required under the Prison Litigation Reform Act
(PLRA), where detainee wrote numerous letters to
medical director and filed several formal grievances
concerning his need for medical attention due to
tracheotomy tube in his throat, jail did not respond to

most of them, and only response detainee received
stated that he would be moved to health care unit, so
that detainee believed that his concerns would soon
be addressed, and thus had no reason to appeal.
U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983; 42
U.S.C.A. § 1997(e)(a).

**[2] Civil Rights 78 ☞1395(6)**

78 Civil Rights
    78III Federal Remedies in General
        78k1392 Pleading
            78k1395 Particular Causes of Action
                78k1395(4)    Criminal    Law
Enforcement; Police and Prosecutors
                    78k1395(6) k. Arrest, Search, and
Detention. Most Cited Cases
            (Formerly 78k235(6))
Allegations that jail medical director ignored letters
from pretrial detainee, pleading for assistance with
tracheotomy tube in his throat, that one jail physician
told detainee that there was nothing health care staff
could do for him without right equipment, that
medical director refused to make arrangements for
detainee to obtain medical care he needed, and other
physicians failed to render care to detainee when he
complained that his tube was clogged and he was
having problems breathing adequately articulated the
direct, personal involvement of each defendant health
care provider, and thus were sufficient to state claim
under § 1983 for deliberate indifference to detainee's
medical needs. U.S.C.A. Const.Amend. 14; 42
U.S.C.A. § 1983.

**[3] Civil Rights 78 ☞1395(6)**

78 Civil Rights
    78III Federal Remedies in General
        78k1392 Pleading
            78k1395 Particular Causes of Action
                78k1395(4)    Criminal    Law
Enforcement; Police and Prosecutors
                    78k1395(6) k. Arrest, Search, and
Detention. Most Cited Cases
            (Formerly 78k235(6))
Allegations by pretrial detainee with tracheotomy
tube that both the medical screener while he was

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

being processed at the jail and physicians at hospital thought his condition was sufficiently serious as to require hospitalization, and that detainee experienced bleeding, fainting, a great deal of pain, decreased ability to eat and drink, and so much difficulty breathing that fellow inmates literally had to squeeze the air out of him, were sufficient to state claim that detainee's medical condition was serious, for purposes of detainee's § 1983 action for deliberate indifference to his medical needs; reasonable person could infer, based on detainee's representations, that defendants acted with deliberate indifference. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

**[4] Civil Rights 78 ⟸1351(4)**

78 Civil Rights
    78III Federal Remedies in General
        78k1342 Liability of Municipalities and Other Governmental Bodies
            78k1351 Governmental Ordinance, Policy, Practice, or Custom
                78k1351(4) k. Criminal Law Enforcement; Prisons. Most Cited Cases
        (Formerly 78k206(3))

**Civil Rights 78 ⟸1358**

78 Civil Rights
    78III Federal Remedies in General
        78k1353 Liability of Public Officials
            78k1358 k. Criminal Law Enforcement; Prisons. Most Cited Cases
        (Formerly 78k207(1))
Pretrial detainee with tracheotomy tube in his throat, who brought § 1983 civil rights action alleging that health care providers at county jail were deliberately indifferent to his medical needs, was barred from bringing action against health care providers in their official capacity, absent allegations that county was liable for his injuries, or that an official policy or custom violated his constitutional rights. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

**[5] Federal Courts 170B ⟸13**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk12 Case or Controversy Requirement

                170Bk13 k. Particular Cases or Questions, Justiciable Controversy. Most Cited Cases
Pretrial detainee with tracheotomy tube in his throat, who brought § 1983 civil rights action alleging that health care providers at county jail were deliberately indifferent to his medical needs, was not entitled to injunctive relief, where detainee was transferred to state correctional facility; claim for injunctive relief became moot upon detainee's transfer. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

*MEMORANDUM OPINION AND ORDER*

COAR, J.
**\*1** The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the defendants refused to provide proper, post-tracheotomy treatment. This matter is before the court for consideration of the defendants' motion to dismiss the amended complaint. For the reasons stated in this order, the motion will be denied, except to the plaintiff is suing the defendants in their official capacities and to the extent he seeks injunctive relief.

It is well established that *pro se* complaints are to be liberally construed.*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *reh'g denied,*405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir.2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Haines,* 404 U.S. at 521;*Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts-as well as any inferences reasonably drawn therefrom-in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.,* 144 F.3d 1037, 1039 (7th Cir.1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

*Jones v. Edgar,* 3 F.Supp.2d 979, 980 (C.D.Ill.1998).

*FACTS AND PROCEDURAL HISTORY*

The plaintiff, Ronald Myers, is a state prisoner. (Address Change Notice, docket # 17.) At the time of the events giving rise to this action, the plaintiff was an inmate at the Cook County Jail. (Amended Complaint, p. 2, Part I, "Plaintiff(s)" section.)

The defendant James McAuley is the Cook County Jail's Medical Director.*(Id.,* Part II, "Defendant(s)" section.) The defendants Andrew Thig (sued as "Ting"), M. Mansour, and Carlos Altez are all staff physicians at the jail.*(Id.,* pp. 2-2A.)[FN1]

> FN1. By Minute Order of March 6, 2002, the court rejected the original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed the plaintiff to file an amended complaint curing various pleading and filing deficiencies. The plaintiff's amended complaint dropped all other defendants named in the original pleading.

The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion: The plaintiff arrived at the Cook County Jail on July 26, 2001. (Amended Complaint, p. 6.) The plaintiff explained to a doctor during his initial medical screening that he had a tracheotomy tube in his throat.*(Id.)* The plaintiff was told that he would be housed in the hospital ward, but due to a paper mix-up, he was instead placed in the facility's maximum security segregation unit. *(Id.)*

The next day, the plaintiff was transferred to the general population.*(Id.)* A correctional officer remarked that the plaintiff should be in the hospital. *(Id.)* A nurse examined the plaintiff, but not a doctor. *(Id.)* The plaintiff was moved to a different housing unit [but not, apparently, the medical unit].*(Id.)*

\*2 The plaintiff did not see a doctor for two weeks. *(Id.)* The plaintiff told a nurse that his tracheotomy tube had to be cleaned out, but a nurse informed him that they did not have the right pumps. *(Id.)* The defendant Thig likewise informed the plaintiff that there was nothing the health care staff could do for the plaintiff because they lacked the proper

equipment.*(Id.,* pp. 6-7.)

The defendant Altez arranged for the plaintiff to see an ear-nose-throat doctor at the Cook County Hospital. *(Id.* at p. 7 .) The ENT doctors at the Cook County Hospital recommended that the plaintiff be hospitalized, but their recommendation was ignored. *(Id.)*

On February 15, 2002, the plaintiff told Altez that his throat was clogged and that he was having problems. *(Id.)* Altez failed to take any action. *(Id.)* The plaintiff went another two weeks without seeing a doctor, despite complaining to a nurse that he was in "very bad pain" and that his throat was bleeding. *(Id.)* On an unspecified date, the plaintiff voiced the same complaints to the defendant Mansour, who failed to make sure that the plaintiff's tracheotomy tube was cleaned or that he received other needed medical attention. *(Id.)* Throughout the relevant time period, the plaintiff wrote letters to the defendant McAuley requesting his assistance. *(Id.)*

The plaintiff could barely eat or drink and he "fell out" (presumably, fainted) due to shortness of breath. *(Id.)* Fellow inmates were forced to give the plaintiff "bear hugs" to force the clogged fluids out of his lungs so that he could breathe. *(Id.)*

*DISCUSSION*

The defendants' motion to dismiss will be denied. The plaintiff has demonstrated that he availed himself of administrative remedies prior to bringing suit. Furthermore, accepting the plaintiff's factual allegations as true, the amended complaint states a colorable cause of action against the four named defendants. The undeveloped record supports an inference that the defendants acted with deliberate indifference to the plaintiff's serious medical needs. Consequently, the plaintiff will be permitted to proceed on his claims, at least to the extent that the plaintiff is suing the defendants in their individual capacities for monetary damages.

*I. Exhaustion*

The court makes a preliminary finding that the plaintiff satisfied [or at least attempted to satisfy] the PLRA administrative exhaustion requirement before

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

filing suit. The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement dictating that "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted."42 U.S.C. § 1997(e)(a)."[E]xhaustion is now required for all actions brought with respect to prison conditions, whether under § 1983 suits or any other Federal law."*Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002)."[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim" under 42 U.S.C. § 1983. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir.1999), cert. denied,532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001).

*3 As the defendants correctly point out, the plaintiff never completely exhausted the multi-level grievance process. The court recognizes that an inmate must comply with the rules established by the State with respect to the form and timeliness of grievances. *Pozo v. McCaughtry,* 286 F.3d 1022, 1023-25 (7th Cir.2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). Informal letters do not satisfy the administrative exhaustion requirement; furthermore, an inmate must appeal any adverse decisions prior to initiating suit.

[1] However, this case differs from *Pozo* in two significant respects: first, the plaintiff has shown that he made numerous efforts to avail himself of the grievance process but received no responses to his grievances. *See* amended complaint at p. 3:"I wrote [grievances] and given (sic) them to the social worker and wrote letters to the people in charge. Never heard anything.... I never got an answer."In response to the motion to dismiss, the plaintiff has submitted [in addition to copies of multiple letters to the defendant McAuley and one to the Internal Affairs division] copies of twenty-two, apparently non-processed grievances he allegedly filed concerning the need for medical attention. The grievances date from July 2001 to May 2002.

The plaintiff maintains that he received no responses to his grievances. Because the plaintiff purportedly

received no decision on his grievances, he was therefore unable to appeal. The court is aware of no Cook County Jail regulation permitting an inmate to bypass institutional review and appeal to the Administrator of Program Services if he receives no response from the correctional rehabilitation worker.

Second, with respect to the sole grievance that bears a response, the plaintiff was granted-or ostensibly granted-the basic relief sought at the first level. A grievance dated February 14, 2002, bears the following Response Statement: "Mr. Myers was 'bumped' along with several other patients. With 4 chemotherapy & I radiation therapy patients to be moved daily, other patients' appts are being rescheduled. Mr. Myers is tentatively scheduled for later this month ."(See unmarked exhibit to the plaintiff's Motion to Respond to Said Motion to Dismiss.) Because the plaintiff's concerns about the lack of medical attention were supposedly being addressed and rectified by the health care unit, there would have been no reason to appeal the decision to the next level of review.

Requiring a prisoner who has won his grievance in principle to file another grievance to win in fact is certainly problematic. Although the time spent in exhausting administrative remedies is tolled for purposes of limitations on filing a federal complaint ... this would be cold comfort to a prisoner caught in some never-ending cycle of grievances. For, if a prisoner who wins on his initial grievance must file one further grievance to get practical relief, what is to prevent the prison system from repeatedly failing to follow through and requiring the prisoner to endlessly seek a real resolution?

*4*Dixon v. Page,* 291 F.3d 485, 490 (7th Cir.2002) (internal citation omitted). Although *Dixon* dealt with multiple grievances as opposed to the appeal process, the same reasoning applies. The jail cannot fail to follow through on promised action and then reasonably fault the plaintiff for failing to complete the administrative review process.

In short, all but one of the plaintiff's grievances were evidently lost or destroyed without being addressed. The court finds as a matter of law that because no action was taken on those grievances, the plaintiff had no "available" administrative remedy and thus cannot be barred from pursuing relief in federal court. Furthermore, because the one answered grievance

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

seemingly resolved the problem at the institutional level, the plaintiff was entitled to rely in good faith that the promised follow-up would occur; he therefore had no occasion to appeal the decision. Accordingly, the court deems the exhaustion requirement effectively satisfied. The complaint will not be dismissed for failure to fully exhaust administrative remedies prior to bringing suit.

*II. Personal Involvement*

[2] The amended complaint sets forth facts briefly detailing the direct, personal involvement of each of the named defendants, as required by *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995); *Vance v. Washington,* 97 F.3d 987, 991 (7th Cir.1996), *cert. denied,* 520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997) (citations omitted). McAuley allegedly ignored numerous letters pleading for assistance. Thig, rather than providing any treatment, simply told the plaintiff that there was nothing the health care staff could do for him without the right equipment. McAuley made no arrangements for the medical care the plaintiff says he needed. Altez may have referred the plaintiff to an ENT doctor at the Cook County Hospital, but he failed to render any of the follow-up care recommended by the hospital physicians, even though the plaintiff complained that his tracheotomy tube was clogged and that he was having problems breathing. Mansour is similarly alleged to have failed to ensure that the plaintiff's tracheotomy tube was cleaned or that he received other needed medical attention when the plaintiff asked for treatment. None of the defendants is sued solely on the basis of *respondeat superior.* The complaint adequately articulates the direct, personal involvement of each named defendant.

*III. Deliberate Indifference to Serious Medical Needs*

The record will require further development as to whether the defendants acted with deliberate indifference to the plaintiff's medical needs. It is not the case that the plaintiff could prove "no set of facts ... which would entitle him to relief." *See Haines,* 404 U.S. at 521."

It is well established that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Qian v. Kautz,* 168 F.3d 949, 955 (7th Cir.1999); *Salazar v. City of*

*Chicago,* 940 F.2d 233, 237-38 (7th Cir.1991). Deliberate indifference has both an objective and a subjective element, the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble,* 429 U.S. 97, 103-04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Sherrod v. Lingle,* 223 F.3d 605, 610 (7th Cir.2000). In this case, the plaintiff has made a tentative showing of both prongs.

*5[3] Contrary to the defendants' assertion, the plaintiff has stated facts indicating that his clogged post-tracheotomy tube constituted an objectively serious medical need. According to the plaintiff, both the medical screener while he was being processed at the jail and physicians at the Cook County Hospital thought his condition was sufficiently serious as to require hospitalization. The plaintiff additionally maintains that he experienced bleeding, fainting, a great deal of pain, decreased ability to eat and drink, and so much difficulty breathing that fellow inmates literally had to squeeze the air out of him. *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997) (a condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain"), *citing McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1997). The court will therefore assume for purposes of this motion that the plaintiff's medical needs were "serious." It is irrelevant that the plaintiff's tracheotomy pre-dated his incarceration if he still had a serious need for post-surgical care. If the plaintiff endured considerable pain, as he alleges, it is also immaterial whether he suffered lasting injury.

The defendants additionally argue that there was no deliberate indifference because mere disagreement with a physician's treatment does not implicate the Fourteenth Amendment. It is true that neither medical malpractice, *Steele v. Choi,* 82 F.3d 175, 178-79 (7th Cir.), *cert. denied,* 519 U.S. 897, 117 S.Ct. 244, 136 L.Ed.2d 173 (1996), nor dissatisfaction with a doctor's prescribed course of treatment, *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996), *cert. denied,* 519 U.S. 1126, 117 S.Ct. 980, 136 L.Ed.2d 863 (1997), gives rise to a constitutional claim. But the defendants mischaracterize the nature of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 6

plaintiff's claims: the plaintiff maintains that he was essentially denied basic, needed medical care. The plaintiff does not simply demand a particular treatment.

The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek,* 193 F.3d 485 (7th Cir.1999), the refusal to provide pain medication prescribed by a doctor, *Ralston v. McGovern,* 167 F.3d 1160, 1162 (7th Cir.1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Sherrod,* 223 F.3d at 611;*Vance v. Peters,* 97 F.3d 987, 992 (7th Cir.1996), *cert. denied,*520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997). The fact that a prisoner received some medical attention does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "woefully inadequate action" as well as by no action at all. *Reed v. McBride,* 178 F.3d 849, 854 (7th Cir.1999). A plaintiff can show that the professional disregarded a serious medical need "if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances."*Collignon v. Milwaukee County,* 163 F.3d 982, 989 (7th Cir.1998).

*6 In the case at bar, the plaintiff alleges that he was all but denied needed medical treatment despite entering the jail after undergoing surgery which required follow-up care. The plaintiff maintains that the defendants failed to act on his pleas for medical treatment, virtually throwing up their hands and saying there was nothing they could do for him. Although the plaintiff concedes in his response to the motion to dismiss that laerdal suction was ultimately performed in May 2002 [two months after he filed suit], the plaintiff may nevertheless be entitled to damages for the alleged ten-month delay in receiving treatment.

In short, the court must accept as true at this stage of the proceedings that the plaintiff was forced to go long periods of time without needed medical care. If, as the plaintiff claims, he had a "serious" medical need, then the doctors may be liable for withholding treatment solely because they did not have "the right equipment." The defendants must explain why they could not either obtain the necessary tools to address the plaintiff's medical needs or make arrangements for him to be treated outside the institution. A reasonable person could infer, based on the plaintiff's representations, that the defendants acted with deliberate indifference. The undeveloped record does not support a finding in favor of the defendants as a matter of law. The court disagrees that the amended complaint reflects "prompt and continual medical attention."

*IV. Official vs. Individual Capacity*

The complaint will be dismissed against the defendants only insofar as they are sued in their official capacities. The plaintiff's failure explicitly to indicate in the amended complaint whether he was suing the defendants in their individual or official capacities is a non-issue. The Court of Appeals for this circuit has specifically rejected the presumption that § 1983 plaintiffs who fail to designate whether a defendant is sued in his individual or official capacity have intended the suit as an official capacity action. *See, e.g., Miller v. Smith,* 220 F.3d 491, 494 (7th Cir.2000); *Hill v. Shelander,* 924 F.2d 1370, 1373 (7th Cir.1991). An official capacity suit will be presumed only "when the indicia of an official policy or custom are present in the complaint ."*Hill,* 924 F.2d at 1373.

[4] In this case, the plaintiff is not suing Cook County and he does not allege that an official policy or custom violated his constitutional rights; he does not even mention any official custom or policy. *Compare Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001); *see also Miller,* 220 F.3d at 494. The plaintiff clarifies in his brief opposing dismissal that he is suing the defendants in both their individual and official capacities, but the defendants correctly assert that the plaintiff has no viable official capacity claim. The plaintiff may proceed against the defendants only in their individual capacities.

*V. Injunctive Relief*

*7[5] Finally, the plaintiff's requests for injunctive relief ("proper medical services," "access to proper medical machines," etc.) must be dismissed as moot since he is no longer in the custody of the Cook County Department of Corrections. A pretrial detainee's claims for injunctive relief are rendered moot when the detainee is transferred to a state

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

correctional center. *Martin v. Davis,* 917 F.2d 336, 339 (7th Cir.1990), *cert. denied,* 501 U.S. 1208, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991); *Henderson v. Sheahan,* 196 F.3d 839, 849 n. 3 (7th Cir.1999), *cert. denied,* 530 U.S. 1244, 120 S.Ct. 2691, 147 L.Ed.2d 962 (2000).

### CONCLUSION

In sum, the amended complaint is dismissed only as to the plaintiff's now-moot requests for injunctive relief and insofar as the defendants are sued in their official capacities. The court finds that the plaintiff has satisfied the administrative exhaustion requirement; the court further finds that the plaintiff has made a *prima facie* showing that the defendants acted with deliberate indifference to his serious medical needs. The plaintiff will accordingly be permitted to proceed on his claims against the defendants to the extent that they are sued in their individual capacities. This order is not intended to discourage either party from filing a properly supported motion for summary judgment.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 23) is granted in part and denied in part. The complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as to the plaintiff's claims for injunctive relief, as well as to the plaintiff's claims against the defendants in their official capacities. The motion to dismiss is denied in all other respects.

IT IS FURTHER ORDERED that the defendants answer or otherwise plead within twenty-one days of the date of this order.

N.D.Ill.,2002.
Myers v. McAuley
Not Reported in F.Supp.2d, 2002 WL 31006131 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,              )
                               )
         Plaintiff,            )
                               )
                               )
    v.                         )        Civil Action No. 06-126-KAJ
                               )
THOMAS CARROLL, et al,         )
                               )
         Defendant's.          )

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Charles P. Jones pursuant to 28 U.S.C. § 1915, request this court to appoint counsel to represent petitioner in the above-entitled action for the following reasons:

1.      Plaintiff understands that he does not have a constitutional or statutory right to the appointment of counsel in civil case. Parhan v. Johnson, 126 F.3d 454, 456-57 (3rd Cir. 1993); Tabron v. Grace, 6 F.3d 147, 153-54 (3rd Cir. 1993). Under certain circumstances, the Court may in its discretion, appoint an attorney to represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1).

2.      In deciding whether to appoint counsel for an indigent litigant, the District court of Delaware has articulated in Green v. FCM, 430 F.Supp.2d 383, 387 n.3 (D.Del. 2006)(citing Tabron and Parham) the standard for evaluating a motion for appointment of counsel filed by a *pro se* plaintiff. Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merits in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 157); accord Maclin v. Freake, 65

F.2d 885, 887 (7th Cir. 1981)(per curiam)(cited with approval in Parham and Tabron). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case, (2) the complexity of the legal issues; (3) extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determination; (5) Whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5). This list, of course, is illustrative, and by no means, exclusive. Id at 458.

3.      The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The Defendant's failed to take affirmative step to prevent imminent harm to plaintiff's after notifying the Defendant's. Protection from violence is one of the "necessities of life" that prisons are obligated by the Eighth Amendment.

4.      The plaintiff's does not have the ability to present his own case without the help of a law-trained person from the Delaware Correctional Center Law Library, [1] due to the excessive strain on the injured eye, which has place strain on the other eye. The plaintiff is being prescribed "Tylenol with codeine to treat the severe pain. In addition, the plaintiff is being prescribed "Prozac and Imipramine." This medication is prescribed for the treatment of depression—that is, a continuing depression that interferes with daily functioning. The symptoms of major depression often include change in appetite, sleep

---

[1] Plaintiff is due to be discharged from prison come mid April 2007, leaving the plaintiff without the help of a law-trained person thereafter.

habits, and mind/body coordination; increased fatigue; difficulty concentrating; slowed thinking; and suicidal thoughts.

5.   Without the help of a law-trained person from the Delaware Correctional Center Law Library, the legal issues presented in the complaint are beyond plaintiff's abilities to prosecute effectively.

6.   The plaintiff's lacks the ability to pursue an effective investigation of whether the case will turn on credibility determination. In addition, the law-trained person is not in a position to execute such an investigation, thus the plaintiff averts that the case will turn on to credibility determination due to the complexity of the legal issues presented in the complaint.

7.   The plaintiff avert that testimony of an expert witnesses will be necessary concerning the impairment to plaintiff's injury eye because of the attack.

8.   The plaintiff cannot attain and afford counsel on his own behalf.

For the foregoing reasons, the plaintiff has provided the court with sufficient foundation for the court to appoint counsel in this case.


Date:_____          _____
                                        Charles P. Jones
                                        Delaware Correctional Center
                                        1181 Paddock Road
                                        Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,         )
                              )
       Plaintiff,       )
                              )
                              )
      v.              )     Civil Action No. 06-126-KAJ
                              )
THOMAS CARROLL, et al,   )
                              )
       Defendant's.    )

ORDER

IT IS HEREBY ORDERED, THIS _____ DAY OF _____,

200_____, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS

BEEN READ AND CONSIDERED. IT IS ORDER THAT THE MOTION IS HEREBY

_____

_____

_____

_____

_____.

Certificate of Service

I, Charles P. Jones, hereby state that I have served a true and correct copy of the attached motion for appointment of counsel upon Ophelia M. Waters, Deputy Attorney General, Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE 19801.

By placing same in a seal, envelope and depositing said motion in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977

_____
Charles P. Jones

On this _____ day of March 2007.

IN The United States District Court
For The District of Delaware

Clarks P. Jones,
                    Plaintiff,

V.

Thomas Carrell, Alisha Profaci,
Peter Forbes and Joe Pomella,
                    Defendants.

Civil Action No.
06-129-KAJ

Motion For Appointment Of Counsel

Pursuant To 28 U.S.C 1915 (C)1 Plaintiff moves for
an order appointing Counsel To Represent him in this
Case. In support of this motion Plaintiff states The
following:

1. Plaintiff is unable To afford Counsel. He has requested
leave in forma Pauperis.

2. Plaintiffs' imprisonment will greatly limit his
ability To litigate.

3. Plaintiff has limited access To The law library and
limited knowledge of law.

4. The issues involved in this case are Complex and
will require significant Research and investigations.

5. Due to the Complexity of Scheduling (due to be heard by Teleconference on August 18, 2006 at 10:00 am).

6. A Trial in this Case will likely involve Conflicting Testimony and Counsel would better enable plaintiff to present evidence and cross examine witnesses.

7. Plaintiff has made efforts to obtain an attorney to represent him (Please see attached exhibits).

I declare under Penalty of Perjury That the foregoing is True and Correct. Wherefore, Plaintiff Respectfully Request and Pray that your Honor please appoint Counsel in this Case.

July 27, 2006
, Date

Respectfully Submitted,
Charles P. Jones
Charles P. Jones
#00228197
Delaware Care Center
1181 Paddock Rd.
Smyrna, Delaware 19977

GRADY & HAMPTON, LLC
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER    (302) 678-1265
SUSSEX   (302) 856-1313
FAX      (302) 678-3544

January 12, 2006

Charles Jones
SBI# 00228197
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Jones:

I am not sure if I will be able to help you with your lawsuit as I do not generally like to take over cases that have been filed by somebody else. However, if you have not filed a medical negligence lawsuit against the health care provider and you believe that lack of proper medical care has caused you serious injury, I would like to know about it. I can at least make sure that the authorities who are investigating Delaware prisons get the information. Whether I can take your medical negligence suit will depend on the facts of the case and the extent of your injury.

Sincerely yours,

Stephen A. Hampton

SAH:rlm

Exhibit "A"

Law Office of
# YOUNG, MALMBERG & HOWARD, P.A.
30 The Green
Dover, Delaware 19901
www.youngmalmberg.com

Kevin M. Howard
Khoward@youngmalmberg

Phone: (302) 672-5600
Fax: (302) 672-7336

March 22, 2006

Mr. Charles P. Jones
SBI No. 228197
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Jones:

Thank you for your letter concerning your claim against the Department of Corrections. I do not practice in the federal court so I am unable to assist you with any lawsuit that has been filed in the Delaware District Court. Accordingly, I must decline to accept your case but I do wish you the best of luck. If you do want to contact other counsel, I think I have already mentioned the name Steve Hampton, Esquire to you. Mr. Hampton, I know, assists prisoners in connection with their injury cases and he may be interested in your case. Another individual that may be interested is Jeffrey Martin, Esquire. Mr. Martin recently represented the correction's employee who was raped and assaulted while at work. He too might have some interest in a case like yours.

Once again, best wishes and I hope you are successful in recovering a substantial amount of money from the Department of Corrections.

Very truly yours,

YOUNG, MALMBERG & HOWARD, P.A.

KEVIN M. HOWARD, ESQUIRE

KMH/bls

Exhibit "B"

From: Charles P. Jones
#00228197
D.C.C.
Smyrna, De. 19877

We return your original letter and any docs we received.
*No copies kept.*



RECEIVED
JUN 1 9 2006
By_____

June 11, 2006

Dear Prison Law Office — Sari, Quentin
        I am writing to you because on September 14, 2005 I was stabbed in the eye by another inmate that is a mental health patient even after telling officers that I have had a previous incident with this inmate and that he keeps threatening to kill me. The institution has charged the other ~~inmate~~ inmate with criminal charges. I have filed a 1983 complaint in district court and it has been accepted and the parties have been served, however, I am unskilled in the law and I am in need of some help with my suit. I have had several surgeries including a full Retina Reattachment and a Cornea Transplant. I am also blind in the eye now and still have the possibility of the eye having to be removed in the future. I am currently still under the care of doctors at Wills Eye Hospital in Phila. PA. Thank you in advance for taking the time to read and consider this letter. I pray that you and/or your office may be of assistance to me and I look forward

exhibit "C"

to hearing back from you one way or
the other, Thank you.

Sincerely,
Charles P. Jones



### PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godboid
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

June 22, 2006

Re:  Request for Legal Assistance

Dear Sir or Madam:

We received your letter, asking for our help, information, or legal advice. Unfortunately, we cannot help you at this time. We receive many more requests than we can possibly handle. We must choose our cases very carefully to ensure that we use our limited resources in the most efficient way.

This means there are going to be many cases that have merit that we cannot pursue, and cases in which we cannot provide requested information or advice. This is unfortunate but necessary, given the large number of cases and requests we handle. We do not like the fact that we can't help everyone who writes. Please understand that our decision not to help does not necessarily mean that you do not have a real problem or worthy case. It is just that we can't help everybody who writes.

To help you determine whether your case is worth pursuing on your own, we have enclosed any self-help material that is relevant to your problem. If no material is enclosed, we do not have any helpful information. You may be able to find useful information in the California State Prisoners' Handbook (3rd Edition) published in 2001. Ask for the Handbook in the prison law library. If you want information on how to order a copy of the Handbook, write to us.

We are sorry that we cannot help you. We hope that in the future we will be able to expand our services to help more prisoners throughout California.

Sincerely,

Prison Law Office

*Exhibit "O"*

Board of Directors
Marshall Krause, President ● Michele WalkinHawk, Vice President
Honorable John Burton ● Penelope Cooper ● Felecia Gaston ● Christiane Hipps ● Margaret Johns
Cesar Lagleva ● Laura Magnani ● Michael Marcum ● Ruth Morgan ● Dennis Roberts

T.O: Julia M. Graff
  Staff Attorney
  ACLU Delaware
  100 West 10th Street
  Wilmington, De. 19801

Charles P. Jones
#SBI 228197
Delaware Corr. Co. tek
Smyrna, De. 19977

no Responsible

May 10, 2006

Dear Ms. Graff, Esq;

  I am writing to you because I was shoted in
the eye by another inmate on September 4, 2005
while housed in a maximum security unit that I
should not have even been in; and after telling
officers about threats that were being made against
me. The inmate that attacked me is also a mental
Health patient with extensive amount of time and
a very lengthy institutional record for bad and
violent behavior.

        I am still currently under the care of
doctors at Wills eye Hospital After recieving several
surgeries including a Full Retina Reattachment and
a Cornea Transplant. I have also Just been told
Rekently that the eye still may need to come out and
that I would need Treatment for the rest of my life
for my eye. I am also now blind in this eye.

                              Exhibit "E"

I have a good case for violation of my 5th, 8th and 19th amendment rights and I have filed a 1983 Civil Rights Complaint in the Delaware District Court. However, I am ignorant to the law and I am in need of some professional help to help me recover damages. I hope and pray that you and/or someone in your office will be able to help me in this matter. I thank you in advance for taking the time to read and consider this letter.

cc: file

Sincerely,

Charles P. Jones

## Certificate of Service

I, _Charles P Jones_ ,hereby certify that I have served a true
And correct cop(ies) of the attached: _Motion For Appointment of_
_Counsel_ upon the following
parties/person (s):

TO: _Warden Thomas Carroll_
_Delaware Corr Center_
_1181 Paddock Rd_
_Smyrna, Delaware_
_19977_

TO: _Lt. Peter Forbes_
_Delaware Corr Center_
_1181 Paddock Rd_
_Smyrna, Delaware_
_19977_

TO: _Staff Lt. Alisha Profaci_
_Delaware Corr Center_
_1181 Paddock Rd_
_Smyrna, Delaware_
_19977_

TO: _C/o Joe Pomella_
_Delaware Corr Center_
_1181 Paddock Rd_
_Smyrna, Delaware_
_19977_

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this ___27___ day of __July__ ,200_6_

## Certificate of Service

I, _Charles L Jones_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Motion For Appointment of_

_Counsel_ _____ upon the following

parties/person (s):

TO: _Ophelia M. Waters_          TO: _____

_Deputy Attorney General_        _____

_Carvel State Office Building_   _____

_820 N. French Street, 6th Floor_ _____

_Wilmington Delaware 19801_      _____

TO:_____        TO: _____

_____           _____

_____           _____

_____           _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _27_ day of _July_ _____ ,200_6_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Delaware

Charles P. Jones
                Plaintiff

V.

Thomas Carroll, et. Al,
                Defendants

Civil Action No.
06-129-KAJ

## Motion For Appointment Of Counsel

Pursuant to 28 U.S.C. 1915(e) 1 Plaintiff moves
for an order appointing counsel to represent him
in this case. In support of this motion Plaintiff
states the following:

1. Plaintiff is unable to afford Counsel.

2. Plaintiff is now housed at new Level 4 facility,
C-VOP, P.O. Box 5003, Smyrna, De. 19977, and
there is no Law Library and no Paralegal
service which puts Plaintiff at a great
disadvantage in litigating this case.

3. A trial in this case will likely involve conflicting
testimony and counsel would better enable
Plaintiff to present evidence and cross examine
witnesses.

4. EXPERT TESTIMONY will be needed and
not possible by Plaintiff to obtain
minus Counsel.

5. There will be need To access Records
and Conduct investigations not possible
by Plaintiff.

6. Counsel is needed in order To properly
prepare motions To Amend Complaint.

7. There is CREDIBILITY (whether or not a
witness is telling the Truth) which is most
important and Counsel will be needed To
CROSS-examine.

When looking at the factors delineated in
Tabron To determine whether appointment
of Counsel is appropriate Plaintiff Clearly
fit several of these factors. Therefore,
Plaintiff PRAYS and RESPECTFULLY Request that
Your Honor Please Appoint Counsel in this Case.

December 3, 2006
, Date

Respectfully Submitted,
Charles R. Jones
Charles R. Jones
#228197
C-YOP, P.O. Box 5003
Smyrna, De. 19977

In The United States District Court
For The District Of Delaware

pending

Charles P. Jones
Plaintiff

v.

Thomas Carroll, Alicia Toolen
Peter Forbes, and Joe Pamello
Defendants

Civil Action No.
06-129-KAS

Request Response For Motion For Appointment Of Counsel

1. Plaintiff filed a motion for appointment of Counsel pursuant to 28 U.S.C 1915(d).

2. Plaintiff motion was filed July 27, 2006 and is requesting an order.

3. There will be need to access Records and Conduct investigations not possible to Plaintiff.

4. There is likelihood of substantial prejudice to plaintiff resulting from his inability without such assistance to present the facts and legal issues to the Court in this Complex, and arguably meritorious Case.

5. Expert Testimony will be needed.

6. Counsel is needed in order to properly prepare motions to amend.

7. There is credibility (whether or not a witness is telling the truth) which is most important and Counsel will be needed to cross-examine.

8. Due to this case involving medical issues, there are serious complex legal issues, which will not be properly presented minus appointment of Counsel.

Plaintiff also uses the same claims in support of this request stated previously in original motion for Counsel filed on July 27, 2006.

Wherefore, Plaintiff respectfully request and pray that Your Honor please appoint Counsel in this case.

August 2, 2006
_____
Date

Respectfully Submitted,

Charles B. Jones
Charles B. Jones
#00228187
Delaware Corr Center
1181 Paddock Rd.
Smyrna, Delaware
19977

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Charles P.Jones,  )
        Plaintiff,  )
  )
  )
  )
        v.  )    Civil Action No. 06-126 KAJ
  )
  )
Thomas Carroll, et al,  )
  )
        Defendant.  )

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Charles P. Jones pursuant to 28 U.S.C. § 1915, requests this court to appoint counsel to represent petitioner in the above-entitled action for the following reasons:

1.    The plaintiff's does not have the ability to present his own case due to the excessive strain on the injured eye, which has place strain on the other eye.

2.    The complexity of the legal issues presented in the complaint is beyond plaintiff's abilities.

3.    The plaintiff's lack of ability to pursue an effective investigation of individuals likely to have discoverable information in support of Defendant's defenses.

4.    The plaintiff averts that the case will turn on credibility determination.

5.    Plaintiff averts that testimony of an expert witnesses will be necessary concerning the impairment to plaintiff's eyes because of the attack.

6.    The plaintiff cannot attain and afford counsel on his own behalf.

7.    The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The Defendant's failed to take affirmative steps to prevent imminent harm to plaintiff's after

notification. Protection from violence is one of the "necessities of life" that prisons were obligated by the Eighth Amendment to provide.

8.      Plaintiff has no constitutional or statutory right to the appointment of counsel in civil case. See Parhan v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1993); Tabron v. Grace, 6 F.3d 147, 153-54 (3d cir. 1993). Under certain circumstances, the Court may in its discretion appoint An attorney to represent an indigent civil litigant.  See 28 U.S.C. § 1915(e)(1).

9.      In deciding whether to appoint counsel for an indigent litigant, the District court of Delaware articulated the standard for evaluating a motion for appointment of counsel filed by a pro se plaintiff. See Green v. FCM, 430 F.Supp.2d 383, 387 n. 3 (D. Del. 2006)(citing Tabron and Parham). Initially, the Court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 157); accord Maclin v. Freake, 65 F.2d 885, 887 (7th Cir. 1981) (per curiam)(cited with approval in Parham and Tabron). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determination; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list, of course, is illustrative, and by no means, exclusive. See id. At 458.

10.      The plaintiff has filed a Motion for Production of Documents. The defendant's pursuant to 11 Del.C. § 4322 is precluding plaintiff from obtaining relevant requested documents under the purview, attorney-client privilege, only allowing plaintiff access to his own records.

11.      With appointment of counsel, plaintiff would not be precluded from accessing any of the documents that is relevant and necessary to corroborate and supplement plaintiff memory of the

events. Pursuant to 11 Del. C. § 4322(a), the Attorney General, may in its discretion, permit the inspection of the requested documents by the offender's attorney.

For the foregoing reasons, the plaintiff has provided the court with sufficient foundation for the court to appoint counsel in this case.

Date: _December 22, 2006_    _Charles P. Jones_
Charles P. Jones
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Charles P.Jones,     )
          )
   Plaintiff,   )
          )
          )
          )
   v.     )   Civil Action No. 06-126 KAJ
          )
          )
Thomas Carroll, et al,   )
          )
   Defendant..  )

## ORDER

IT IS HEREBY ORDERED, THIS _22nd_ DAY OF _____, 20 _06_, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS BEEN READ AND CONSIDERED. IT IS ORDERED THAT THE MOTION IS HEREBY_____.

Certificate of Service

I, Charles P.Jones, hereby certify that I have served true and correct copy of

the attached motion for appointment of counsel upon Ophelia M. Waters, Deputy

Attorney General, Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE

19801

BY PLACING SAME IN A SEALED ENVELOPE, and depositing it in the United States Mail at
the Delaware Correctional Center, Smyrna, DE 19977.

_____

Charles P.Jones

On this _____ day of _____,20____

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,                    )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        Civil Action No. 06-129-***
                                     )
THOMAS CARROLL, ALISHA PROFACI,      )
PETER FORBES and JOE POMELLA,        )
                                     )
                    Defendants.      )

### AMENDED MEMORANDUM ORDER

The Memorandum Order dated January 8, 2007 (D. I. 50) is hereby modified as

follows:

Jones's Renewed Motions to Appoint Counsel (D.I. 45, 48) are DENIED with

leave to refile..

_____
UNITED STATES MAGISTRATE JUDGE

January 8, 2007

## Other Orders/Judgments

 1:06-cv-00129-*** Jones v. Carroll et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 1/8/2007 at 4:22 PM EST and filed on 1/8/2007
**Case Name:**       Jones v. Carroll et al
**Case Number:**     1:06-cv-129
**Filer:**
**Document Number:** 51

**Docket Text:**
AMENDED MEMORANDUM OPINION The Memorandum Opinion dated 1/8/2007 (D.I. 50) is
hereby modified as follows: Jones's Renewed Motions to Appoint Counsel (D. I. 45,48) are DENIED
with leave to refile. Signed by Judge Mary Pat Thynge on 1/8/2007. (cak)

**1:06-cv-129 Notice has been electronically mailed to:**
Ophelia Michelle Waters ophelia.waters@state.de.us

**1:06-cv-129 Notice has been delivered by other means to:**

Charles P. Jones
SBI# 228197
Delaware Correctional Center
Unit C
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/8/2007] [FileNumber=324712-0]
[ca3c3ba4f5f632dd851d1bda57e323039516865b1438b8cf62e44563f0dbcf6d9d294
e529ac8bb104ddf11290e7cf28a7c77b5166eb7b85b849b05820413c91c]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,                        )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )
                                         )   Civil Action No. 06-129-KAJ
THOMAS CARROLL, ALISHA PROFACI,          )
PETER FORBES and JOE POMELLA,            )
                                         )
            Defendants.                  )

## MEMORANDUM ORDER

The Plaintiff, Charles P. Jones ("Jones"), is a *pro se* litigant proceeding *in forma pauperis*. Jones is an inmate at the Delaware Correctional Center and has filed a Renewed Motion to Appoint Counsel.[1] (Docket Item [D.I.] 23.) Previously, Jones filed a Motion to Appoint Counsel (D.I. 3) which was denied without prejudice, with leave to refile upon service of the complaint.[2] (D.I. 13.) For reasons similar to those that I cited in my original order, Jones's renewed motion is denied.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of

---

[1] Jones alleges that he was attacked by another inmate and suffered severe eye injuries. (D.I. 2.) In a previous order, I dismissed without prejudice Jones's constitutional claims against Deputy Warden David Pierce and Major Security Chief David Holeman. (D.I. 13 at 5.) Jones's Eighth Amendment claims brought against Warden Thomas Carroll, Staff Lt. Alisha Pfofaci, Lt. Peter Forbes and C/O Joe Pomella remain under consideration.

[2] At the time Jones filed his original Motion to Appoint Counsel, service of process was not complete. (D.I. 13 at 6.)

that neither will be central to this case and perhaps not even required.  (D.I. 24 at ¶ 10.)

Therefore, I decline to appoint counsel.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Jones's Renewed Motion to Appoint Counsel (D.I. 23) is DENIED.

UNITED STATES DISTRICT JUDGE

October 18, 2006
Wilmington, Delaware

3

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## OF THE STATE OF DELAWARE

CHARLES P. JONES,                           )
              Plaintiff,              )    CASE NO.  06-129 SLR
                         )
        v.                          )
                         )
WARDEN THOMAS CARROLL, DEPUTY    )
WARDEN DAVID PIERCE, MAJOR       )
SECURITY CHIEF DAVID HOLEMAN,    )
STAFF LT. ALISHA PROFACI, LT.    )
PETER FORBES, and C/O JOE POMELLA, )
            Defendants.             )

### ENTRY OF APPEARANCE

PLEASE ENTER the appearance of Jeffrey K. Martin, Esq. and Timothy J. Wilson, Esq.

as attorneys for the plaintiff, Charles P. Jones.

**MARTIN & WILSON, P.A.**

/s/ Jeffrey K. Martin  #2407
**JEFFREY K. MARTIN, ESQUIRE**
DE Bar I.D. No.  2407
**TIMOTHY J. WILSON, ESQUIRE**
DE Bar I.D. No. 4323
1508 Pennsylvania Avenue
Wilmington, DE  19806
(302)  777-4681
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## OF THE STATE OF DELAWARE

CHARLES P. JONES,                          )
                  Plaintiff,    )    CASE NO.  06-129 SLR
                              )
           v.                        )
                              )
WARDEN THOMAS CARROLL, DEPUTY    )
WARDEN DAVID PIERCE, MAJOR          )
SECURITY CHIEF DAVID HOLEMAN,     )
STAFF LT. ALISHA PROFACI, LT.             )
PETER FORBES, and C/O JOE POMELLA,   )
               Defendants.     )

## CERTIFICATE OF SERVICE

      I, JEFFREY K. MARTIN, ESQUIRE, hereby certify that I have E-filed the above

documents via LexisNexis File and Serve on this 3rd day of March 2008.

Ophelia Michelle Waters
Department of Justice
State of Delaware
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE  19801

                           **MARTIN & WILSON, P.A.**

                          /s/ Jeffrey K. Martin  #2407
                          **JEFFREY K. MARTIN, ESQUIRE**
                          DE Bar I.D. No.:  2407
                          1508 Pennsylvania Avenue
                          Wilmington, DE  19806
                          Attorney for Defendants

**Notices**

1:06-cv-00129-SLR Jones v. Carroll et al
PaperDocuments, VACANTJUDGESHIP

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Martin, Jeffrey on 3/3/2008 at 1:39 PM EST and filed on 3/3/2008

**Case Name:**          Jones v. Carroll et al
**Case Number:**          1:06-cv-129
**Filer:**          Charles P. Jones
**Document Number:** 72

**Docket Text:**
NOTICE of Appearance by Jeffrey K. Martin on behalf of Charles P. Jones (Attachments: # (1) Certificate of Service)(Martin, Jeffrey)

**1:06-cv-129 Notice has been electronically mailed to:**

Jeffrey K. Martin    jmartin@martinandwilson.com, bdolphin@martinandwilson.com, lmccloskey@martinandwilson.com

Ophelia Michelle Waters    ophelia.waters@state.de.us

**1:06-cv-129 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/3/2008] [FileNumber=528460-0] [e3e2b630815f706c9e6d5cc52ef803f5b9a0fa20ab80caee4ad76bec7ff864cc7330a 41bac1abad2ae88d482b813cf59132fa5e03587a707284af8d621933b68]]
**Document description:** Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/3/2008] [FileNumber=528460-1] [871bf4d0e104e55aba4271d3b2aa6f44dc9f35d0d5804a9735b2816ca749e89e04041 bf6339ea587b3453db45df66f0ed1aefa2464189055281f21a6764f659d]]

# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,                          )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )        Civil Action No. 06-129-SLR
                                            )
WARDEN THOMAS CARROLL, DEPUTY               )
WARDEN DAVID PIERCE, MAJOR                  )
SECURITY CHIEF DAVID HOLEMAN                )
STAFF LT. ALISHA PROFACI, LT. PETER         )
FORBES, and C/O JOE POMELLA                 )
                                            )
                    Defendants.             )

## AFFIDAVIT OF CHARLES P. JONES

NEW CASTLE COUNTY    :
                     :        SS.
STATE OF DELAWARE    :

I, CHARLES P. JONES, Affiant, depose and say:

1.    I am the Plaintiff in the above-captioned matter.

2.    Following the attack on me by Anabal Melendez at the Delaware Correctional Center, I was taken to Kent General Hospital in Dover, DE and then transferred to Wills Eye Hospital in Philadelphia, PA, where I spent four days.

3.    Following my release from Wills, I was returned to DCC and placed in the infirmary.

4.    While in the infirmary, I was "locked down" and under maximum security.

5.    I was in the infirmary on "lock down" status for approximately one week.

6.    During this time period, as well as the time period that I was at Wills, I had none of my own personal property, was provided no paper or other material to write on,

and was provided no pencils, pens or other writing instruments.

7.    I was then taken from the infirmary back to Wills Eye Hospital to undergo eye surgery where I spent another four days.

8.    I was then transferred back to the infirmary, where I spent two to three months. The first two or three weeks of this time, I was again on "lock down" status.

9.    During the entire time I spent at Wills Eye Hospital and the period of time that I was on "lock down" at the infirmary at DCC, I had no means by which to prepare a grievance.

10.    During the entire time that I was at Wills Eye Hospital and in the infirmary at DCC, I was heavily medicated. This medication made me sleep a substantial portion of the day. When I was awake, I was very groggy and could not think straight.

11.    Also during this time, my vision was such that, I was blind in the eye that was stabbed and my healthy eye was affected to the extent that I could only keep that eye open for very brief periods of time.

12.    At this time, I was neither mentally nor physically able to prepare the grievance paperwork.

13.    Prior to Anabal Melendez' attack on me, I was concerned that he would cause severe physical injury to me or kill me.

14.    I addressed this issue with a corrections officer and requested to file a grievance. This corrections officer told me that I could not file a grievance on this issue because housing and inmate security were issues that had to be addressed through prison security. In response, I made a complaint to the tier officer responsible for my area of the prison regarding Anabal Melendez' access to me.

15.    Even if I was physically or mentally capable of preparing the grievance paperwork, as I understood the rules as expressed to me by prison authorities, this was a matter of housing prior to the attack and an issue of safety after the attack and therefore not grievable issues.


_____
CHARLES JONES


SWORN TO AND SUBSCRIBED before me this ___19TH___ day of March, 2008.


_____
NOTARY PUBLIC

TIMOTHY J. WILSON, ESQ.
NOTARY PUBLIC
DELAWARE ATTORNEY
ID # 4323
DELAWARE ATTORNEY AT LAW

3

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,  )
)
            Plaintiff,  )
)
v.  )  Civil Action
)  No. 06-129
THOMAS CARROLL, et al.,  )
)
            Defendants.  )

        Deposition of CHARLES P. JONES, taken
pursuant to notice at the Delaware Correctional
Center, 1181 Paddock Road, Smyrna, Delaware, beginning
at 10:34 a.m., on Tuesday, February 20, 2007, before
Julie H. Parrack, Registered Merit Reporter, Certified
Realtime Reporter and Notary Public.

APPEARANCES:

        OPHELIA M. WATERS
        DEPUTY ATTORNEY GENERAL
        STATE OF DELAWARE DEPARTMENT OF JUSTICE
          820 North French Street, 6th Floor
          Carvel State Building
          Wilmington, Delaware  19801
          On behalf of Defendants

WILCOX & FETZER

1330 King Street - Wilmington, Delaware 19801

(302) 655-0477

www.wilfet.com



**WILCOX & FETZER LTD.**
Registered Professional Reporters



Charles P. Jones

92

1    A.    I was talking.

2    Q.    To whom?

3    A.    Another inmate.

4    Q.    That's a violation of the rules?

5    A.    Yes.

6    Q.    Who was the inmate you were talking to?

7    A.    I don't recall.

8    Q.    And what happened?

9    A.    24, 24-hour loss of all privileges.

10   Q.    Describe that for me.  What does that mean?

11   A.    You can't use the telephone, you can't go to

12   the gym, you can't go to yard.

13   Q.    So you lose your privileges for 24 hours?

14   A.    Yes.

15   Q.    All your privileges.  Anything else?

16   A.    No.

17         MS. WATERS:  I don't have any further

18   questions for you, Mr. Jones.  Thank you, for today.

19         We're going to have this reduced to

20   writing.  You'll have an opportunity to read it.  I

21   will arrange to have you read and sign.  You can make

22   changes if there are some typos or there's

23   misspellings of some sort, or you said Chicken George

24   as opposed to chicken turkey or something like that

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHARLES P. JONES,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        Civil Action No. 06-129-SLR
                                           )
WARDEN THOMAS CARROLL, DEPUTY              )
WARDEN DAVID PIERCE, MAJOR                 )
SECURITY CHIEF DAVID HOLEMAN               )
STAFF LT. ALISHA PROFACI, LT. PETER        )
FORBES, and C/O JOE POMELLA                )
                                           )
            Defendants.                    )

### CERTIFICATE OF SERVICE

I, Timothy J. Wilson, hereby certify that I caused a true and correct copy of *Plaintiff's*

*Motion for Reargument* to be served via electronic filing to the following:

Ophelia Michelle Waters
Department of Justice
State of Delaware
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801
Attorney for Defendants


                    MARTIN & WILSON, P.A.


        By:     /s/ Timothy J. Wilson #4323
                Jeffrey K. Martin (#2407)
                Timothy J. Wilson (#4323)
                1508 Pennsylvania Avenue
                Wilmington, DE 19806
                (302) 777-4681